RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 21a0022p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

SCOTT ERIC SHERWOOD,

*Defendant-Appellant*.

No. 20-4085

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 1:14-cr-00391-1—Patricia A. Gaughan, District Judge.

Decided and Filed: February 2, 2021

Before: CLAY, READLER, and MURPHY, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:** Catherine Adinaro Shusky, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Cleveland, Ohio, for Appellant. Michael A. Sullivan, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee.

_____

## OPINION

_____

CHAD A. READLER, Circuit Judge. Scott Eric Sherwood appeals the district court's denial of his motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A). Sherwood's motion is one of a wave of COVID-19-related compassionate release requests confronting the district courts. While perhaps not always easing that burden, we have offered direction as to how district courts should analyze these requests. Of that evolving body of case

law, we recently held that the policy statement in U.S.S.G. § 1B1.13 is no longer an independent basis upon which a district court may deny a defendant-filed motion for release. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). And where a district court relies on that ground as the sole basis for denying relief, we must remand the case for further consideration. *See United States v. Hampton*, --- F.3d ---, No. 20-3649, 2021 WL 164831, at *1 (6th Cir. Jan. 19, 2021); *see, e.g.*, Order, *United States v. Taylor*, No. 20-2077, at *2 (6th Cir. Jan. 22, 2021). Because Sherwood was denied relief exclusively due to his failure to satisfy § 1B1.13(2)'s requirement that a defendant not be a danger to the community, we reverse and remand this case to the district court for application of the remaining § 3582(c)(1)(A) factors.

In 2015, Sherwood pleaded guilty to transporting visual depictions of minors engaged in sexually explicit conduct, *see* 18 U.S.C. § 2252(a)(1), and possessing child pornography, *see* 18 U.S.C. § 2252A(a)(5)(B). Following its consideration of the 18 U.S.C. § 3553(a) factors as applicable to Sherwood, the district court imposed a below-Guidelines sentence of 108 months' imprisonment.

Last year, Sherwood moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A). He asserted that the COVID-19 pandemic coupled with his age and various medical conditions together constituted extraordinary and compelling reasons warranting a sentence reduction, and that the § 3553(a) factors also weighed in favor of release. Acknowledging that Sherwood's medical conditions satisfied the "extraordinary and compelling" threshold, the government focused its opposition on the grounds that Sherwood remained a danger to the community, and that the § 3553(a) factors counseled against release. The district court denied Sherwood's motion in a two-line order: "[Sherwood] has failed to demonstrate that he is not a danger to the community. Not only was he convicted of possession of child pornography, but he was convicted of transportation as well." Order, *United States v. Sherwood*, No. 1:14-cr-391 (N.D. Ohio Sept. 28, 2020).

We review the district court's denial of compassionate release for an abuse of discretion. *United States v. Jones*, 980 F.3d 1098, 1112 (6th Cir. 2020). The compassionate release statute authorizes the district court to reduce an inmate's sentence if the court finds that "extraordinary and compelling reasons" warrant a reduction; that a reduction is "consistent with applicable

policy statements issued by the Sentencing Commission" set forth in U.S.S.G. § 1B1.13; and that the § 3553(a) factors, to the extent they apply, support a reduction.  18 U.S.C. § 3582(c)(1)(A). Relevant here is the second step in that three-step statutory formula, § 1B1.13, which, among other things, requires district courts to find that "the defendant is not a danger to the safety of any other person or to the community . . . ."  U.S.S.G. § 1B1.13(2); *see United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020).  Following enactment of the First Step Act, district courts addressing defendant-filed motions for release may now "skip step two of the § 3582(c)(1)(A) inquiry," meaning they need not consider § 1B1.13 when ruling on those motions.  *Hampton*, 2021 WL 164831, at *2 (quoting *Jones*, 980 F.3d at 1111).  And because satisfying the § 1B1.13 policy statement is no longer a requirement for defendant-filed compassionate release motions, the policy statement's requirement that the defendant not be a danger to the community no longer provides an independent basis for denying compassionate release.  *See id.* at *3.  A district court, in other words, may deny a defendant-filed motion only when it finds either that no extraordinary and compelling reasons exist or that the § 3553(a) factors weigh against release. *See Elias*, 984 F.3d at 519 (explaining that district courts may "deny compassionate-release motions when any of the [applicable] prerequisites listed in § 3582(c)(1)(A) is lacking," and noting that district courts "do not need to address the others").

Here, the district court's two-line order relied exclusively on § 1B1.13(2) in denying relief.  While a brief order may well be sufficient for purposes of denying compassionate release, *see Hampton*, 2021 WL 164831, at *3, where the order relies exclusively on an impermissible consideration, we must vacate the order and remand the case for further consideration.

On that score, it bears noting that in weighing Sherwood's § 3553(a) factors on remand, the district court is permitted to consider Sherwood's history and characteristics, including his propensity to be a danger to the community upon release, as well as the nature and circumstances of his offense.  *See* 18 U.S.C. § 3553(a)(1)–(2).  And we presume that the district court's initial balancing of the § 3553(a) factors during Sherwood's sentencing remains an accurate assessment as to whether those factors justify a sentence reduction, meaning Sherwood must make a compelling case as to why the sentencing court's § 3553(a) analysis would be different if conducted today.  *See United States v. Navarro*, --- F.3d ---, No. 20-5640, 2021 WL 287756, at

*3 (6th Cir. Jan. 28, 2021) ("[The defendant] did not argue that his personal circumstances—beyond the COVID-19 outbreak—had changed so that the district court should weigh the § 3553(a) factors differently than it had at the original sentencing."). But because the district court relied on § 1B1.13(2) as the sole basis for denying Sherwood compassionate release, we must remand the case so that the district court can, in the first instance, decide whether the § 3553(a) factors weigh in favor of Sherwood's release.