NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0154n.06

No. 20-4110

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Mar 23, 2021
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff–Appellee,** | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| HECTOR J. LEBRON, | ) | |
| | ) | **OPINION** |
| **Defendant–Appellant.** | ) | |
| | ) | |

Before: COLE, Chief Judge; MOORE and GILMAN, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** Hector Lebron appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c). Because the district court did not abuse its discretion in finding that the 18 U.S.C. § 3553(a) factors weighed against granting relief, we **AFFIRM** the district court's order denying Lebron's compassionate-release motion.

## I. BACKGROUND

In 2018, Lebron pleaded guilty to possession with intent to distribute a controlled substance, in violation of § 21 U.S.C. 841(a)(1) and (b)(1)(A). R. 40 (Plea Agreement at 2) (Page ID #111). On April 1, 2019, the district court imposed a within-guidelines sentence of eighty-two months' imprisonment. R. 59 (Sentencing Hr'g Tr. at 18–19) (Page ID #303–04). Because Lebron has been in federal custody since December 8, 2016, he had, at the time of his sentencing, already

served approximately one-third of his custodial sentence due to credit given for his pretrial detention. To date, he has completed almost two-thirds of his sentence.

On May 1, 2020, Lebron moved for compassionate release, arguing that the COVID-19 pandemic posed a serious health risk to him during incarceration because of his underlying medical conditions. He claimed that the confluence of these circumstances served as an extraordinary and compelling circumstance justifying his release. Lebron's motion solely relied on his changed circumstances due to the pandemic, and Lebron did not argue that any other factor weighed in favor of his release. The government opposed Lebron's motion.

The same district court judge who sentenced Lebron also denied Lebron's motion for compassionate release. *United States v. Lebron*, --- F.Supp.3d ----, No. 3:16-cr-00382-JGC-1, 2020 WL 5824399, at *1 (N.D. Ohio Oct. 1, 2020) (order). After finding that Lebron had exhausted his applicable administrative remedies, the district court applied the standard set out in § 3582(c)(1)(A)(i), noting that it could reduce Lebron's sentence if it found that "extraordinary and compelling reasons warrant such a reduction" and if the relevant § 3553(a) factors weighed in favor of release. The district court also relied on the criteria set out in the Sentencing Commission's policy statement under U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13. The district court found that the combination of Lebron's underlying medical conditions and the COVID-19 pandemic could serve as an extraordinary circumstance counseling in favor of a sentence reduction. Nonetheless, the district court's consideration of the § 3553(a) factors led it to conclude that Lebron's circumstances did not warrant relief.

## II. DISCUSSION

### A. Standard of Review

We review a district court's denial of a compassionate-release motion under the abuse-of-discretion standard. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020). "A district court abuses its discretion when it relies on clearly erroneous findings of fact, applies the law improperly, or uses an erroneous legal standard." *United States v. Jones*, 980 F.3d 1098, 1112 (6th Cir. 2020) (quoting *United States v. Pembrook*, 609 F.3d 381, 383 (6th Cir. 2010)). When considering motions for compassionate release, "'[a] court might abuse its discretion, for example, if it misreads the meaning of the extraordinary-reason requirement' or 'if it interprets the law to bar it from granting a reduction when, in fact, it has discretion to do so.'" *Id.* (quoting *United States v. Keefer*, 832 F. App'x 359, 363 (6th Cir. 2020)).

### B. Analysis

Pursuant to § 3582(c)(1)(A), a district court may grant a compassionate-release motion by engaging in a three-step inquiry. First, the court "must 'find' whether 'extraordinary and compelling reasons warrant' a sentence reduction." *Jones*, 980 F.3d at 1107–08 (alteration and footnote omitted) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). Second, the court "must 'find' whether 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *Id.* at 1108 (alteration and emphasis omitted) (quoting 18 U.S.C. § 3582(c)(1)(A)). Finally, the court must "consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction . . . is warranted in whole or in part under the particular circumstances of the case." *Id.* (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)). However, we recently clarified how courts should apply § 3582(c)(1)(A) when, as here, an imprisoned person files a

motion in district court requesting compassionate release. In such cases, because the Sentencing Commission's policy statement in § 1B1.13 is not applicable, "federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111 (footnote omitted); *United States v. Elias*, 984 F.3d 516, 518–19 (6th Cir. 2021).[1]

Lebron contends that the district court committed several errors that merit remand when it denied his compassionate-release motion based on its consideration of the § 3553(a) factors. "[A] district court might abuse its discretion if it engaged in a substantively unreasonable balancing of the § 3553(a) factors." *Ruffin*, 978 F.3d at 1005. "District courts should consider all relevant § 3553(a) factors before rendering a compassionate release decision." *Jones*, 980 F.3d at 1114. When reviewing the district court's decision, "we consider the entire record," *Ruffin*, 978 F.3d at 1008, "including the records from the original sentencing, records on the modification motion, and the final compassionate release decision," *Jones*, 980 F.3d at 1112; *see also Elias*, 984 F.3d at 520. A district court adequately explains its decision to deny a compassionate-release motion when "the record as a whole satisfies us that [it] 'considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority.'" *Ruffin*, 978 F.3d at 1008 (quoting *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1967 (2018)).

---

[1]The government argues that § 1B1.13 remains applicable in this case and that our decision to treat it as inapplicable in *Jones* is non-binding dicta and incorrectly decided. Appellee Br. at 22–24. The government ignores that we have followed and reaffirmed our decision in *Jones* in case after case. *See Elias*, 984 F.3d at 519, *United States v. Hampton*, 985 F.3d 530, 533 (6th Cir. 2021); *United States v. Sherwood*, 986 F.3d 951, 953–54 (6th Cir. 2021); *United States v. Rafidi*, No. 20-3749, 2021 WL 424443, at *2 (6th Cir. Feb. 08, 2021); *United States v. Pegram*, No. 20-1906, 2021 WL 499572, at *2 (6th Cir. Feb. 10, 2021); *United States v. Sorrell*, No. 20-1832, 2021 WL 807867, at *2 (6th Cir. Mar. 3, 2021). The government might not like our conclusion in *Jones*, but it is the governing law of this circuit.

First, Lebron argues that the district court erred by giving "outsized weight" to Lebron's "potential danger to the community" when considering the § 3553(a) factors. Appellant Br. at 8. The district court cited § 1B1.13 in its discussion of the legal standard for granting a compassionate-release motion. And § 1B1.13(2) mandates that a district court must find that "[t]he defendant is not a danger to the safety of any other person or to the community" to grant relief under § 3582(c)(1)(A). The district court's citation to § 1B1.13 as the correct legal standard was erroneous. However, this is not a case where the district court solely relied on § 1B1.13(2)'s dangerousness requirement to deny relief. *See United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021). Instead, the district court permissibly considered Lebron's potential dangerousness alongside several other relevant § 3553(a) factors, including "the nature and circumstances of the offense" and Lebron's "history and characteristics," as well as the need for deterrence, to protect the public, "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment." 18 U.S.C. § 3553(a)(1), (2); *see also Sherwood*, 986 F.3d at 954 (noting that district courts may consider a defendant's "propensity to be a danger to the community upon release" in their balancing of the § 3553(a) factors). The district court detailed Lebron's criminal history, noted that Lebron previously served a ten-year sentence for a prior conviction for possession with intent to distribute that did not deter him from committing his current offense, and highlighted the severity of his current offense conduct due to the serious harm that a kilogram of fentanyl could cause to so many people. The district court also found that Lebron demonstrated "a capacity for violence" due to his possession of a firearm in connection with his prior drug offense and a domestic violence conviction. *Lebron*, 2020 WL 5824399, at *3. The court determined that Lebron's repeated violations of supervised release and probation demonstrated

contempt for the law, and the court was concerned that granting a reduced sentence in these circumstances would not protect the public or deter Lebron or others. The court also concluded that granting relief so soon after sentencing would not adequately reflect the seriousness of Lebron's conduct, promote respect for the law, or constitute just punishment for Lebron's offense. Consequently, the district court found that the § 3553(a) factors "strongly support Lebron's continued incarceration." *Id*. Based on this record, we cannot say that the district court's weighing of the § 3553(a) factors was an abuse of discretion. *Jones*, 980 F.3d at 1114 ("The district court is best situated to balance the § 3553(a) factors.") (quoting *United States v. Kincaid*, 802 F. App'x 187, 189 (6th Cir. 2020)).

Lebron contends that the district court failed to consider any new facts that arose after his original sentencing hearing and that the district court failed to consider Lebron's need for medical treatment when weighing the § 3553(a) factors. Both arguments are unavailing. First, Lebron never presented any new facts, such as evidence related to his rehabilitation or good behavior in prison, for the district court to consider. We cannot transform Lebron's failure to introduce new evidence into an error by the district court. Second, the district court acknowledged Lebron's medical conditions and need for treatment during the original sentencing. *See* R. 59 (Sentencing Hr'g Tr. at 12–14) (Page ID #297–99). In its order denying Lebron's compassionate-release motion, the court accepted that his conditions resulted in a greater risk of serious illness if Lebron contracted COVID-19. *Lebron*, 2020 WL 5824399, at *2. But the court concluded that "[Lebron's] record strongly argues against release." *Lebron*, 2020 WL 5824399, at *3. The entire record makes clear that the district court did not abuse its discretion, but instead fully considered

all relevant § 3553(a) factors. *See also Jones*, 980 F.3d at 1114 (explaining that a district court need not detail "its analysis of every single § 3553(a) factor").

Finally, Lebron argues that the district court relied on three erroneous findings of fact in its consideration of the § 3553(a) factors. First, Lebron correctly notes that the district court erroneously stated that Lebron currently is imprisoned in Federal Correctional Institution Canaan ("FCI Canaan"). *Compare Lebron*, 2020 WL 5824399, at *1 (noting that Lebron is imprisoned in FCI Canaan), *with* R. 71 (Def.'s Mot. for Ruling at 2) (Page ID #385) (noting that Lebron has been moved to Metropolitan Detention Center Brooklyn ("MDC Brooklyn") at or around September 25, 2020). However, because the district court did not rely on the conditions of the facility in which Lebron is incarcerated to determine that the § 3553(a) factors preclude relief, this error does not merit remand.[2]

Second, Lebron contends that the district court improperly gave significant negative weight to the fact that Lebron pleaded guilty to possessing a kilogram of fentanyl. During sentencing, the district court agreed not to infer that Lebron purposefully intended to distribute fentanyl because there was no indication that Lebron knew that the controlled substance he possessed contained fentanyl and not a different opioid. R. 59 (Sentencing Hr'g Tr. at 15) (Page ID #300). But the court also stressed that it was Lebron's "responsibility to find out just what was go[ing] on," *id.* at 9, 19 (Page ID #294, 304), and emphasized the seriousness of Lebron's conduct regardless of whether Lebron knew that he possessed fentanyl, *id.* at 8, 10, 18–19 (Page ID #293, 295, 303–04).

---

[2]We also take judicial notice of the fact that the number of incarcerated persons at MDC Brooklyn that have contracted COVID-19 (364) is not grossly dissimilar from the number at FCI Canaan (307). *COVID-19 Coronavirus: COVID-19 Cases Full breakdown and additional details*, FED. BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited March 9, 2021).

In light of the district court's comments during sentencing, its reiteration of the seriousness of Lebron's offense conduct was not at odds with its finding that Lebron did not purposefully intend to distribute fentanyl.

Lastly, Lebron claims that the district court erroneously relied on the fact that only a year had passed since the court sentenced Lebron, which counseled against granting relief. At the time of the district court's compassionate-release decision, Lebron functionally had served more than half of his sentence due to credit for pre-trial detention. However, under the deferential standard of review that we apply to these decisions, we cannot say that it was an abuse of discretion for the district court to determine that granting relief only a year after imposing an eighty-two-month sentence would not serve the relevant factors set out in § 3553(a)(2)(A). *See United States v. Austin*, 825 F. App'x 324, 326 (6th Cir. 2020) (order).

In sum, we cannot conclude on this record that the district court abused its discretion when weighing the § 3553(a) factors.

### III. CONCLUSION

Therefore, we **AFFIRM** the district court's order denying Lebron's motion for compassionate release.