NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0192n.06

Case No. 20-6243

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Plaintiff-Appellee,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>ON APPEAL FROM THE<br>UNITED STATES DISTRICT</td></tr>
<tr><td></td><td>)</td><td>COURT FOR THE EASTERN</td></tr>
<tr><td>JAMES MICHAEL HOOD,</td><td>)</td><td>DISTRICT OF TENNESSEE</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>Defendant-Appellant.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>O P I N I O N</td></tr>
<tr><td></td><td>)</td><td></td></tr>
</table>

FILED
Apr 15, 2021
DEBORAH S. HUNT, Clerk

BEFORE:    COLE, Chief Judge; MOORE and GILMAN, Circuit Judges.

COLE, Chief Judge.  James Hood appeals the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).  Because the district court reasonably concluded that Hood failed to present an extraordinary and compelling reason for release, we affirm.

I.

Hood was convicted of attempting to entice a minor to engage in unlawful sexual activity in 2018.  He received a sentence of 121 months' imprisonment, which he is currently serving at FCI Elkton.  In July 2020, Hood filed a motion for compassionate release, citing the health risk posed by the COVID-19 pandemic in conjunction with his asthma, psoriatic arthritis, and

hypertension. He also noted that he had previously tested positive for COVID-19 and that "subsequent infections can be more severe than the first."

The district court denied Hood's motion, finding that the reasons Hood presented for release did not fall into any of the four categories of extraordinary and compelling circumstances identified in § 1B1.13 of the United States Sentencing Guidelines. The court further reasoned that even if it could consider other circumstances, Hood had failed to present extraordinary and compelling reasons justifying release. As an alternative reason for its denial of Hood's motion, the district court found that Hood had "not met his burden to demonstrate that he would not be a danger to the community if released." Hood appealed.

## II.

We review a district court's denial of a motion for compassionate release under the abuse of discretion standard. *United States v. Jones*, 980 F.3d 1098, 1112 (6th Cir. 2020). "A district court abuses its discretion when it relies on clearly erroneous findings of fact, applies the law improperly, or uses an erroneous legal standard." *United States v. Pembrook*, 609 F.3d 381, 383 (6th Cir. 2010).

Since the district court resolved Hood's motion, we have made it clear that district courts are not restricted to the circumstances listed in U.S.S.G. § 1B1.13, but rather have "full discretion . . . to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Jones*, 980 F.3d at 1109; *see also United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

The district court's conclusion that it could not consider circumstances outside those delineated in § 1B1.13 proved erroneous. But that error does not require reversal. When the court's § 1B1.13 analysis is the sole reason supporting denial, we must remand the case for further

consideration. *United States v. Sherwood*, 986 F.3d 951, 953 (6th Cir. 2021). But where the court has independent reasons to deny relief, we may affirm based on those independent reasons. *Elias*, 984 F.3d at 519; *Jones*, 980 F.3d at 1108.

Here, the district court independently found that Hood did not present an extraordinary and compelling reason for release "[e]ven if the [c]ourt could recognize some combination of extraordinary and compelling reasons that fall outside those specified by the policy statement." That determination is sufficient to deny compassionate release so long as it does not constitute an abuse of discretion. *Elias*, 984 F.3d at 519 ("[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others.").

The district court did not abuse its discretion in determining that Hood failed to present an extraordinary and compelling reason for release. When considering whether a defendant's individual circumstances warrant compassionate release in light of the COVID-19 pandemic, courts have considered factors such as "(1) when the defendant is at high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak." *Elias*, 984 F.3d at 520 (quoting *United States v. Hardin*, No. 19-CR-240, 2020 WL 2610736, at *4 (N.D. Ohio May 22, 2020)). Moreover, "[r]elying on official guidelines from the CDC is a common practice in assessing compassionate-release motions." *Id.* at 521.

In Hood's case, the district court fairly considered the relevant factors before concluding that Hood had not presented extraordinary and compelling circumstances warranting compassionate release. The court considered each condition that Hood presented in his motion and even some additional conditions that the court discovered while reviewing his medical records. It considered Hood's history of managing those conditions and applicable CDC guidelines. The

court discussed the current status of COVID-19 in FCI Elkton, including Hood's personal experience with the virus. Finally, it considered Hood's age and the percent of his term of incarceration remaining.

With regard to Hood's medical conditions, the district court noted that the CDC had categorized the three conditions Hood presented (asthma, psoriatic arthritic, and hypertension) as conditions that "only *might* put one at an increased risk of severe illness from COVID-19." And kidney disease, which was reflected in Hood's medical records but not presented in Hood's motion, was the only one of Hood's conditions for which individuals "*are at an increased risk* of severe illness from COVID-19" according to the CDC.

Hood's argument that the district court relied on clearly erroneous factual findings in considering his medical conditions is unconvincing. The district court correctly found that the three conditions Hood raised in his motion only potentially placed him at a heightened COVID-19 risk according to CDC data. Nor was it erroneous for the court not to consider obesity as one of Hood's medical conditions. Hood did not present obesity as a reason justifying release in his motion before the district court, and his medical records do not mention obesity. Hood's argument that the court should have deduced his obesity by calculating his BMI based on the height and weight reported in a presentence report prepared almost two years before the court ruled on his motion is unpersuasive.

And the court's finding that Hood's medical conditions were being managed with medication was also not clearly erroneous. The CDC recommends that individuals with COVID-19-risk conditions continue following the treatment plans for their medical conditions. *See* People with Certain Medical Conditions, Centers for Disease Control and Prevention, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. As Hood points out, however, the CDC does not state that maintaining prescribed

medication reduces the likelihood of severe complications. Hood also argues on appeal that his medication for his psoriatic arthritis targets his immune system and can lower his ability to fight infections, but at the district court he argued only generally that people with compromised immune systems are at higher risk for complications from COVID-19.

The district court also weighed other factors to determine whether Hood established extraordinary and compelling circumstances. The court investigated the status of COVID-19 in FCI Elkton, finding that, "as of September 24, 2020, the number of current positive cases at FCI Elkton is down to just one (1) inmate and two (2) staff." What's more, it considered the fact that Hood had tested positive for the virus nearly seven weeks prior to his motion and had been asymptomatic. Although Hood argued that a second infection could be more severe, he presented no evidence that a more severe response was likely. Indeed, the court noted that, according to the CDC at the time, "reinfection with COVID-19 'has not yet been definitively confirmed in any recovered persons to date.'" The court also noted that Hood was 56 years old, which distinguished his case from those involving older inmates at a higher risk of COVID-19 complications as a result of their age. It cited CDC data indicating that eight out of ten COVID-19 deaths in the United States have been among adults 65 and older. Finally, the court considered that Hood was not scheduled for release until February 2026. The length of his remaining sentence distinguished Hood's motion from those cases where defendants were set to be released in a matter of weeks or months. Those were all reasonable considerations, based on accurate and reliable information and informed by the district court's best attempts to understand an ongoing public-health crisis.

Discretion is a two-sided coin. The court could reasonably have concluded that Hood's conditions were extraordinary and compelling. But it was not required to do so. Because the district court did not rely exclusively on an impermissible legal standard and did not rest its

decision on clearly erroneous factual determinations, we conclude that the district court did not abuse its discretion in concluding that Hood had not established an extraordinary and compelling reason for his release. We affirm.