NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0232n.06

Case No. 20-4254

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
May 05, 2021
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| SHELDON HILL, | ) ) | |
| Defendant-Appellant. | ) ) | |

Before: SILER, THAPAR, and MURPHY, Circuit Judges.

SILER, Circuit Judge. Defendant Sheldon Hill appeals the district court's order denying his motion for compassionate release, filed under 18 U.S.C. § 3582(c)(1)(A). He argues that the district court erred by applying the policy statement contained in USSG § 1B1.13 to conclude that he was ineligible for release, and that its weighing of the 18 U.S.C. § 3553(a) factors was an abuse of discretion. While it has now been established that § 1B1.13 does not apply to defense motions for compassionate release, we affirm because the district court adequately explained why the § 3553(a) factors did not weigh in Hill's favor.

I.

In 2014, Hill robbed Huntington Bank in Canton, Ohio. He approached a teller and gave her a paper which stated "this is a robbery give me all your money and no dye packs." The teller

gave $830 to Hill. Hill then left the bank and fled in a vehicle. Based on these facts, Hill was charged with one count of bank robbery, in violation of 18 U.S.C. § 2113(a).

Pursuant to a plea agreement, Hill pled guilty to the single count. He qualified as a career offender with a guideline range of 151 to 188 months. In 2015, the district court sentenced Hill to 151 months' imprisonment, followed by three years' supervised release.

In April 2020, Hill filed a pro se motion for compassionate release, based on his medical conditions and the COVID-19 pandemic. The district court denied the motion, finding that Hill failed to exhaust his administrative remedies with the Warden, as required by 18 U.S.C. § 3582(c)(1)(A).

In June 2020, Hill filed a pro se motion requesting the district court to reconsider its denial. He also provided documentation that showed he had requested compassionate release from the Warden on April 15, 2020, and the Warden denied his request on April 23, 2020. The district court denied Hill's motion for reconsideration. The court found that even if Hill satisfied the exhaustion requirement, he failed to demonstrate any extraordinary and compelling reasons that warranted his release because he had "not demonstrated that his individual circumstances place him at a substantially higher risk compared to other similarly situated people," and there were no cases of COVID-19 at the facility where Hill was being housed at the time. The court also noted that Hill failed to show that he was "no longer a danger to the community" in light of his "long history of committing violent crimes."

After the court appointed counsel to assist Hill, he filed, through counsel, a second motion for compassionate release in August 2020. Hill again based his request for release upon the COVID-19 pandemic and his ongoing medical conditions including type II diabetes, sleep apnea, morbid obesity, hypertension, and an enlarged prostate. He argued that he presented

"extraordinary and compelling reasons" for release because he has multiple serious risk factors—as recognized by the Centers for Disease Control—that increase his chances of serious illness from COVID-19. Hill further contended that he was no longer a danger to others and the 18 U.S.C. § 3553(a) factors supported a reduction in his sentence to time served. He noted that under the current guidelines, he would not qualify as a career offender, which would have resulted in a range of 63 to 78 months instead. Finally, he included that he completed numerous courses while incarcerated and had been attending college to obtain a paralegal certificate.

Once again, the district court denied Hill's motion. The court found that Hill failed "to show that he is experiencing sufficiently 'extraordinary and compelling reasons'" to justify release. It noted that Hill's "common health issues . . . are treatable and can be controlled." The court further concluded that Hill had failed to "demonstrate[] that he is no longer a danger to the community" in light of his "extensive criminal history."

Subsequently, Hill filed another motion for reconsideration in the district court in October 2020, which the court denied. The court reiterated that "Hill's risk level does not meet the 'extraordinary and compelling' criteria as defined by the U.S. Sentencing Commission." It also considered the § 3553(a) factors and concluded they did not weigh in Hill's favor because of his "extensive criminal history" and because he failed to "demonstrate[] that he is no longer a danger to the community."

Hill appeals the district court's denial of his request for release.

## II.

The compassionate release statute allows the district court to reduce a defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission,"

and that the § 3553(a) factors, to the extent they apply, support a reduction. 18 U.S.C. § 3582(c)(1)(A); *see United States v. Ruffin*, 978 F.3d 1000, 1004–05 (6th Cir. 2020). We review a district court's denial of compassionate release for an abuse of discretion. *Id.* at 1005.

After the district court ruled on Hill's motion, we held that the relevant policy statement— § 1B1.13—does not apply when a defendant files for compassionate release on his own behalf, so the second requirement plays no role. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). In *Elias*, we further explained that "district courts have discretion to define 'extraordinary and compelling'" reasons differently than § 1B1.13 and clarified that "district courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id.* at 519–20. And in *United States v. Sherwood*, we reiterated that USSG § 1B1.13(2)'s requirement that a defendant not be a danger to the community is not a permissible basis for the denial of a defendant-initiated motion for compassionate release, although district courts are free to consider a defendant's history and characteristics, including his propensity to be a danger to the community, when balancing the § 3553(a) factors. 986 F.3d 951, 953–54 (6th Cir. 2021).

Here, the district court stated that Hill's "health conditions" and "risk level do[] not meet the 'extraordinary and compelling' criteria as defined by the U.S. Sentencing Commission to satisfy Compassionate Release." It also found that Hill failed to "demonstrate[] that he is no longer a danger to the community pursuant to U.S.S.G. § 1B1.13(2)." Thus, the district court erred to the extent that it relied on the policy statement to find Hill ineligible for compassionate release based on his failure to satisfy its definition of extraordinary and compelling reasons and to demonstrate that he would no longer pose a danger to the community. *See Elias*, 984 F.3d at 519–20; *see also Sherwood*, 986 F.3d at 953–54.

This error does not require reversal, however, because the district court also relied on the § 3553(a) factors "as an independent reason to deny relief." *United States v. Tomes*, 990 F.3d 500, 503 (6th Cir. 2021) (noting that the "district court wrongly constrain[ed] itself to § 1B.13" but affirming based on the § 3553(a) factors); *Ruffin*, 978 F.3d at 1008 (explaining that district courts may deny relief based on the § 3553(a) factors even when extraordinary and compelling reasons exist). The district court recited the § 3553(a) factors and determined that they weighed against release because Hill could not "demonstrate[] that he is no longer a danger to the community" and because of his "extensive criminal history," which includes "theft, disorderly conduct, wildlife violation, burglary, and robbery."

Regarding the district court's weighing of the § 3553 factors, Hill claims that the district court did not sufficiently recognize his rehabilitative efforts, that he is no longer a career offender and he would be facing a lower sentencing range under current guidelines, and the majority of his prior offenses are non-violent misdemeanors. These arguments are unconvincing to establish an abuse of discretion in the district court's orders.

The question of whether the district court properly weighed the § 3553(a) factors implicates "district courts' obligations to explain their factual reasons when issuing compassionate release decisions." *United States v. Jones*, 980 F.3d 1098, 1111–12 (6th Cir. 2020). District courts are required to provide the reasons for their decisions and must "set forth enough to satisfy the appellate court that [they] ha[ve] considered the parties' arguments and ha[ve] a reasoned basis for exercising [their] own legal decisionmaking authority." *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1966 (2018) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)). But "busy district courts do not abuse their discretion in this context merely because they do not issue exhaustive opinions." *United States v. Keefer*, 832 F. App'x 359, 363 (6th Cir. 2020). And "[w]hen reviewing

such a discretionary decision, we consider the entire record, including the court's balancing of the § 3553(a) factors at the original sentencing." *Ruffin*, 978 F.3d at 1008.

Although the district court did not refer directly to all of Hill's arguments, it explicitly noted that it had "carefully considered" Hill's proffered medical evidence, "reviewed the supporting documentation," and "considered the record, [Hill]'s arguments, and all of the factors set forth in 18 U.S.C. § 3553(a)." Thus, it is clear that the district court did not overlook Hill's supporting documentation or arguments, but simply concluded that they did not outweigh the other § 3553(a) factors.

In addition, a defendant's post-incarceration conduct is relevant to § 3553(a)(1), *see Jones*, 980 F.3d at 1115, but "as long as the record *as a whole* demonstrates that the pertinent factors were taken into account by the district court[,] . . . a district judge need not 'specifically articulat[e]' its analysis of every single § 3553(a) factor," *id.* at 1114 (quoting *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010)). And "rehabilitation 'alone' does not provide a proper basis for relief." *Ruffin*, 978 F.3d at 1009 (quoting 28 U.S.C. § 994(t)). The rehabilitation efforts documented by Hill were not so out-of-the-ordinary as to render the district court's decision an abuse of discretion.

**AFFIRMED**.