21-142-cr
*United States v. Hernandez*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of November, two thousand twenty-one.

PRESENT:    PIERRE N. LEVAL,
            JOSÉ A. CABRANES,
            DENNY CHIN,
                        *Circuit Judges.*

---

UNITED STATES OF AMERICA,

          *Appellee,*                                          21-142-cr

          v.

RAYMOND HERNANDEZ,

          *Defendant-Appellant.*

---

**FOR APPELLEE:**                          Steven D. Clymer, Assistant United States Attorney, *for* Antoinette T. Bacon, Acting United States Attorney, Northern District of New York, Syracuse, NY.

**FOR DEFENDANT-APPELLANT:**        Jeremy Gordon, Jeremy Gordon, PLLC, Mansfield, TX.

Appeal from an order of the United States District Court for the Northern District of New York (Thomas J. McAvoy, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Raymond Hernandez in 2014 pleaded guilty to attempting to possess with intent to distribute more than five kilograms of cocaine, 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and possessing a firearm after being convicted of a crime punishable by imprisonment for more than one year, 18 U.S.C. §§ 922(g)(1), 924(a)(2). Hernandez was sentenced to 188 months on the drug charge and 120 months on the gun charge, to run concurrently. On December 3, 2020, Hernandez moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that the COVID-19 pandemic created "extraordinary and compelling" reasons to reduce his sentence. App'x 17. The District Court agreed, but denied Hernandez's motion because the factors set forth in 18 U.S.C. § 3553(a) "d[id] not weigh in favor of reducing [his] sentence." *Id.* at 43. Hernandez argues that this decision was an abuse of discretion. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

The District Court did not abuse its discretion. *See United States v. Holloway*, 956 F.3d 660, 664 (2d Cir. 2020) (outlining this standard of review for "motion[s] for a discretionary sentence reduction"). It considered the 3553(a) factors, concluding that Hernandez's crimes "were serious"; he had a "long history of criminal activity"; his release "would undermine respect for the law and the deterrent effect of sentencing"; "[c]ontinued jail time is . . . necessary to protect the public" because of his "frequent[ ] involve[ment]" in "behavior dangerous to the public"; and release would "create unwarranted sentencing disparities between [Hernandez] and others convicted of similar crimes with similar criminal histories." App'x 43–44; *see* 18 U.S.C. § 3553(a)(1), (2)(A), (2)(B), (2)(C), (3), (6). This explanation makes clear that denying Hernandez's motion was "within the range of possible decisions." *United States v. Borden*, 564 F.3d 100, 103–04 (2d Cir. 2009).

We reject Hernandez's arguments. The District Court considered his post-sentence rehabilitation efforts, but decided that they were not dispositive because "his life outside prison has very frequently involved behavior dangerous to the public." App'x 44; *see also Pepper v. United States*, 562 U.S. 476, 490 (2011) (noting that a re-sentenced defendant's rehabilitation "*may*, in appropriate cases, support a downward variance" (emphasis added)). Given the seriousness of Hernandez's offense, his criminal history, and the roughly four years that remained until his release, the District Court reasonably decided that granting his motion risked unwarranted sentencing disparities.[1]

---

[1] We reject the tables provided for the first time in Hernandez's Reply, and apparently not presented to the District Court. *See* Def.'s Reply 4–5. The tables include all sentences for which the bottom of the guidelines range was 15 months or greater, *see* U.S.S.G. § 5A (describing Zone D), however, the guideline range for many of these sentences was substantially lower than Hernandez's guidelines range.

Finally, Hernandez's danger to the public is a relevant factor under § 3553(a)(2)(C), and the District Court did not treat U.S.S.G. § 1B1.13 as binding in any case. *See United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020) (noting that, rather than limit a district court's discretion, the First Step Act removed "a significant rein on the courts' discretion"); *cf. United States v. Sherwood*, 986 F.3d 951, 953–54 (6th Cir. 2021) (vacating denial of a compassionate release motion where the district court "relied exclusively on § 1B1.13(2) in denying relief").[2]

## CONCLUSION

We have reviewed all of the arguments raised by Hernandez on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the January 7, 2021, order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] We reject Hernandez's U.S.S.G. § 1B1.13 argument for the independent reason that his reply brief does not contest the Government's claim that Hernandez waived this argument in the district court. *See Carlisle Ventures, Inc. v. Banco Espanol de Credito, S.A.*, 176 F.3d 601, 609 (2d Cir. 1999) (declining to consider an argument where the appellant "d[id] not respond to [the appellee's] waiver argument in its [r]eply [b]rief," or "point to any evidence in the record to prove that it did raise this argument below").