NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0211n.06

Case No. 22-2049

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
May 04, 2023
DEBORAH S. HUNT, Clerk

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

BLAKE JOSEPH SANDLAIN,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

OPINION

Before: SUTTON, Chief Judge; LARSEN and MURPHY, Circuit Judges.

MURPHY, Circuit Judge. After serving less than half of his 15-year sentence for federal drug and firearm offenses, Blake Sandlain sought "compassionate release" under 18 U.S.C. § 3582(c)(1)(A). The district court denied this relief by relying on the sentencing factors in 18 U.S.C. § 3553(a). The court decided that Sandlain should serve his full prison term because he has consistently committed new crimes soon after his release from custody on old ones. Given our deferential standard of review for this discretionary decision, we must affirm.

Sandlain's many felony convictions and parole violations have led him to spend most of his adult life in prison. His past crimes have ranged from breaking and entering to assaulting a corrections officer. In 2004, a state court convicted Sandlain of firearm and drug offenses when officers caught him armed and selling marijuana in Detroit, Michigan. During his imprisonment for these offenses, he committed over 40 prison infractions. These infractions included assaulting

staff, fighting with fellow prisoners, and sexual misconduct. He violated the terms of his parole soon after his release from prison in 2010, and the parole board returned him to prison. He was released again in 2013.

On April 28, 2014, officers undertook a routine parole check of Sandlain's Detroit apartment. When they knocked, they heard a commotion inside. But nobody came to the door. Building staff eventually let the officers into the apartment. Sandlain had escaped out of an open bedroom window. In the bedroom, the officers found two firearms, 200 individual packages of heroin, and Sandlain's wallet. The kitchen also contained a brick of heroin and other items commonly used in drug trafficking. After his escape from the apartment, Sandlain fled the state. Officers found him a few weeks later hiding in an apartment in Charleston, West Virginia.

This time, the federal government charged Sandlain. He pleaded guilty to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1), and to possessing heroin with the intent to distribute it, in violation of 21 U.S.C. § 841(a). Sandlain's presentence report treated him as a career offender and calculated his guidelines range as 188 to 235 months' imprisonment. The district court varied downward from this range by imposing a 180-month sentence.

About five years into this sentence, Sandlain moved for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A). The statute required him to show both that "extraordinary and compelling reasons" justified his immediate release and that the release comported with the sentencing factors in 18 U.S.C. § 3553(a). *Id.* § 3582(c)(1)(A); *see United States v. McCall*, 56 F.4th 1048, 1054 (6th Cir. 2022) (en banc). The district court found neither factor met.

As for "extraordinary and compelling reasons," Sandlain relied on three circumstances: the COVID-19 pandemic, his physical and mental health, and a precedential change showing that he would not qualify as a "career offender" under the guidelines if sentenced today. According to the

2

court, these reasons fell short. It highlighted the broad availability of the COVID vaccine. It found that Sandlain's medical records did not corroborate his claimed physical and mental ailments. And it did not view the legal changes concerning the career-offender guideline as "extraordinary," especially since the court had sentenced Sandlain below his career-offender range anyway.

As for the § 3553(a) factors, the court noted that it had already balanced those factors when sentencing Sandlain to 180 months' imprisonment. It decided that this balance remained correct five years later. The court reasoned that Sandlain had shown disrespect for the law through his repeated crimes, parole violations, and prison infractions. His past behavior demonstrated the need to keep him detained given the likelihood that he would violate the terms of his supervised release if released early. The court added that Sandlain had not completed educational courses recommended by prison authorities or vocational training that could help him find a job upon his release. It thus concluded that Sandlain was not yet prepared for his release.

Sandlain now appeals. We review the district court's denial of compassionate release for an abuse of discretion. *See United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020).

Sandlain first argues that the district court committed a legal mistake. One could read a sentence in the court's opinion as suggesting that U.S.S.G. § 1B1.13 provided the exclusive list of "extraordinary and compelling reasons" that could justify a prisoner's early release. *See id.* § 1B1.13 cmt. n.1(A)–(D). But we have held that § 1B1.13 does not apply to compassionate-release motions filed by prisoners (unlike motions filed by prison authorities). *See McCall*, 56 F.4th at 1054. So the district court would have erred if it had denied relief on the ground that it must follow § 1B1.13. *See United States v. Sherwood*, 986 F.3d 951, 953–54 (6th Cir. 2021).

We doubt that the district court felt bound by § 1B1.13 after reading its opinion as a whole. But we need not resolve this issue. Even if it committed error in that regard, the court next held

that it should not release Sandlain under the sentencing factors in § 3553(a). This error-free ground independently justified the court's denial of compassionate release. *See Ruffin*, 978 F.3d at 1008.

A district court has broad discretion over whether to deny relief under the § 3553(a) factors and over whether to write an exhaustive opinion about the factors. *See United States v. Navarro*, 986 F.3d 668, 670–71 (6th Cir. 2021); *Ruffin*, 978 F.3d at 1005. The court may deny relief in a short order when it is obvious that its initial balancing of these factors at sentencing remains correct at the compassionate-release stage. *See Sherwood*, 986 F.3d at 954. That is especially true when, as in this case, the same judge both sentences a defendant and denies compassionate release to the defendant. *See United States v. Keefer*, 832 F. App'x 359, 363 (6th Cir. 2020).

Applying these deferential standards here, we see no abuse of discretion. Looking to the "nature and circumstances of the offense," the district court reasonably concluded that Sandlain's "[a]rmed drug trafficking" was "a serious offense." 18 U.S.C. § 3553(a)(1), (2)(A); Op., R.216, PageID 1441. Turning to Sandlain's "history and characteristics," the court also recounted his lengthy criminal history, his repeated parole violations and prison infractions, and his failure to complete educational programs that might help him on his release. 18 U.S.C. § 3553(a)(1); Op., R.216, PageID 1441–42. Sandlain's history showed his "lack of respect for the law," the need "to protect the public" from him, and the need for a sentence that provided "adequate deterrence." 18 U.S.C. § 3553(a)(2)(A)–(C); Op., R.216, PageID 1441–42. This balancing of the § 3553(a) factors fell well within the court's discretion. *See Ruffin*, 978 F.3d at 1008–09.

Sandlain responds that the district court did not expressly consider evidence cutting the other way. Sandlain, for example, had completed other educational programs, had held a prison job, and had proposed a "comprehensive release plan" showing that he had a job waiting for him upon his release. Appellant's Br. 16–17. But a court does not abuse its discretion simply because

it does not expressly address each of a prisoner's arguments. *See United States v. Rafidi*, 842 F. App'x 1017, 1023 (6th Cir. 2021). Indeed, we have held that a court may sometimes deny relief in a form order summarily stating that the § 3553(a) factors do not warrant it. *See Navarro*, 986 F.3d at 672. The district court did far more in this case. And, given Sandlain's consistent track record of committing new offenses soon after his release from custody, the court reasonably held that his future dangerousness trumped any mitigating factors that might support his release.

We affirm.