NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0408n.06

No. 22-1166

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Sep 20, 2023
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| EDWIN CULP, | ) | MICHIGAN |
| Defendant-Appellant. | ) ) | |
| | ) | OPINION |

Before: BATCHELDER, GRIFFIN, and LARSEN, Circuit Judges.

PER CURIAM. Edwin Culp appeals the district court's order denying his motion for reconsideration of its prior denial of compassionate release under 18 U.S.C. § 3582(c)(1)(A). As set forth below, we **AFFIRM** the district court's order.

In 1995, Culp pleaded guilty to conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Culp failed to appear for his sentencing. After his apprehension a year later, the district court sentenced Culp to 121 months of imprisonment. A federal grand jury subsequently charged Culp in a supplemental indictment with three counts of murder in furtherance of a continuing criminal enterprise, in violation of 21 U.S.C. § 848(e)(1)(A), and three counts of using and carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). Following a jury trial, Culp was convicted on one murder count and the related firearm count and acquitted on the other counts. The district court sentenced Culp to life imprisonment. On direct appeal, we affirmed Culp's conviction.

*United States v. Sellers*, 9 F. App'x 335 (6th Cir. 2001). Culp is currently 51 years old and confined at FCI Pekin. *See Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc (last visited Sept. 19, 2023).

In February 2021, Culp filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). The district court appointed counsel, who filed a supplemental brief. Culp's motion, as supplemented, asserted that he faced an increased risk of severe illness or death from COVID-19 based on his age; African-American race; and medical conditions, including obesity, chronic kidney disease, high blood pressure, hypertension, and sarcoidosis. Culp further argued that the district court should consider other factors in conjunction with his medical conditions as grounds supporting compassionate release: he received a life sentence under the mandatory sentencing guidelines prior to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), which made the guidelines advisory; he was a relatively youthful offender acting at the direction of his co-defendants; and his older and more culpable co-defendants received more lenient sentences and had since been released from prison.

The district court denied Culp's motion for compassionate release. The district court first determined that Culp's claimed vulnerability to COVID-19 did not amount to an extraordinary and compelling reason warranting his release, noting that he had been offered the COVID-19 vaccine and refused it and that he had contracted COVID-19 and not suffered significant effects. Based on *United States v. Hunter*, 12 F.4th 555 (6th Cir. 2021), a case involving one of Culp's co-defendants, the district court declined to consider the facts that existed at the time of his sentencing as extraordinary and compelling reasons for his release. *See id.* at 569. The district court also found that the sentencing factors under 18 U.S.C. § 3553(a) did not support Culp's release.

Culp then moved for reconsideration based on *United States v. McCall*, 20 F.4th 1108 (6th Cir. 2021), which held that a district court may consider a nonretroactive change in sentencing law in combination with other factors to determine whether a defendant has established extraordinary and compelling reasons for compassionate release. Culp asked the district court to reconsider its order denying compassionate release to address his medical conditions in combination with "the non-retroactive change in the sentencing law (i.e., Booker), his relative youth at the time of the offense and lesser culpability, **and** the sentencing disparity caused by the confluence of these factors."

The district court denied Culp's motion for reconsideration. The district court concluded that *McCall* did not compel reconsideration of its order denying compassionate release, noting the intra-circuit split as to whether a district court could consider a nonretroactive change in the law in combination with other factors to determine whether a defendant's circumstances are extraordinary and compelling. The district court went on to point out that it had also denied compassionate release on the basis that the § 3553(a) factors did not weigh in favor of compassionate release and that *McCall* did not affect that part of its ruling.

Culp timely appealed the district court's order denying his motion for reconsideration. After Culp filed this appeal, we granted rehearing en banc in *McCall* and vacated our prior decision. *United States v. McCall*, 29 F.4th 816 (6th Cir. 2022) (mem.). We have since issued the en banc decision. *United States v. McCall*, 56 F.4th 1048 (6th Cir. 2022) (en banc).

We review the district court's denial of compassionate release under § 3582(c)(1)(A) for an abuse of discretion. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020). "An abuse of discretion occurs when the district court 'relies on clearly erroneous findings of fact, uses an

erroneous legal standard, or improperly applies the law.'" *United States v. Elias*, 984 F.3d 516, 520 (6th Cir. 2021) (quoting *United States v. Flowers*, 963 F.3d 492, 497 (6th Cir. 2020)).

The compassionate-release statute authorizes the district court to reduce a defendant's sentence if it finds that (1) "extraordinary and compelling reasons warrant such a reduction," (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) factors, to the extent that they apply, support the reduction. 18 U.S.C. § 3582(c)(1)(A); *see Ruffin*, 978 F.3d at 1004-05. The Sentencing Commission has only recently proposed a policy statement addressing compassionate-release motions brought by defendants. *See* Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index, 88 Fed. Reg. 28,254 (May 3, 2023) (effective Nov. 1, 2023). Until that statement goes into effect, a district court may deny a defendant-filed motion "when it finds either that no extraordinary and compelling reasons exist or that the § 3553(a) factors weigh against release." *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021).

Culp argues that the district court abused its discretion by categorically excluding from its extraordinary-and-compelling analysis nonretroactive changes in the law and other facts that he presented in support of his compassionate-release motion. Culp relies on the Supreme Court's decision in *Concepcion v. United States*, 142 S. Ct. 2389 (2022), holding that the First Step Act authorizes a district court to consider intervening changes of law or fact in exercising its discretion to grant a sentence reduction.

In our en banc decision in *McCall*, however, we held that "[n]onretroactive legal developments, considered alone or together with other factors, cannot amount to an 'extraordinary and compelling reason' for a sentence reduction" under § 3582(c)(1)(A). 56 F.4th at 1065-66. We determined that the Supreme Court's *Concepcion* decision did not "mandate[] a different result"

because that case "concerned a different and unrelated provision of the First Step Act that explicitly applied retroactively" and addressed "what a court may consider *after* it finds a defendant meets the threshold requirement for a sentence modification." *Id*. at 1061. Culp argues that our en banc decision in *McCall* is both incorrect and contrary to the Supreme Court's *Concepcion* decision. But "[t]his panel cannot overrule another panel of this Court, much less the full Circuit sitting en banc." *LRL Props. v. Portage Metro Hous. Auth.*, 55 F.3d 1097, 1105 n.2 (6th Cir. 1995).

Without the nonretroactive change in sentencing law announced in *Booker*, Culp's remaining arguments in support of compassionate release included his relative youth at the time of the offense, the sentencing disparities between him and his more culpable co-defendants, and his COVID-19 risk. But Culp's "age when he committed the murder and his co-defendants' sentences . . . were impermissible factual considerations because those facts existed at sentencing." *Hunter*, 12 F.4th at 569.

As for his COVID-19 risk, Culp argues that the district court abused its discretion by failing to give due consideration to each of his medical conditions and the threat posed by his incarceration during a global pandemic. Contrary to Culp's argument, the district court considered his medical conditions and reasonably concluded that his claimed vulnerability to COVID-19 did not amount to an extraordinary and compelling reason for his release. We have recognized that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). Culp was offered but refused the COVID-19 vaccine. A defendant "who is 'unable to receive or benefit from a vaccine' may still be able to show 'extraordinary and compelling reasons' warranting a sentence reduction." *Id*. (quoting *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)). The district court

considered Culp's argument that his refusal to be vaccinated should be excused because of the lack of data on the vaccine's safety and efficacy in patients with sarcoidosis. But, as the district court pointed out, the article cited by Culp "strongly recommend[ed] the administration of COVID-19 vaccines in patients with sarcoidosis." Michael Manansala et al., *COVID-19 and Sarcoidosis, Readiness for Vaccination: Challenges and Opportunities*, Frontiers in Medicine (Apr. 30, 2021), https://www.ncbi.nlm.nih.gov/pmc/articles/PMC8119656. The district court reasonably concluded that Culp's own evidence did not support his refusal to take the COVID-19 vaccine. Culp has failed to show that the district court abused its discretion in concluding that his COVID-19 risk did not constitute an extraordinary and compelling reason for his release.

In addition to determining that Culp had failed to establish an extraordinary and compelling reason to warrant his release, the district court found that the § 3553(a) factors did not support his release. By failing to challenge the district court's § 3553(a) analysis in his opening brief, Culp has forfeited this issue. *See Island Creek Coal Co. v. Wilkerson*, 910 F.3d 254, 256 (6th Cir. 2018).

For these reasons, we **AFFIRM** the district court's order denying Culp's motion for reconsideration of its prior denial of compassionate release.