RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 21a0237p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

MICHAEL R. LEMONS,

*Defendant-Appellant*.

No. 21-5313

─────────────────

Appeal from the United States District Court for the Western District of Tennessee at Jackson.
No. 1:08-cr-10102-1—J. Daniel Breen, District Judge.

Decided and Filed: October 8, 2021

Before: BATCHELDER, LARSEN, and READLER, Circuit Judges.

─────────────────

## COUNSEL

**ON BRIEF:** M. Dianne Smothers, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Memphis, Tennessee, for Appellant. Naya Bedini, UNITED STATES ATTORNEY'S OFFICE, Memphis, Tennessee, for Appellee.

─────────────────

## OPINION

─────────────────

CHAD A. READLER, Circuit Judge. Michael Lemons appeals from the district court's denial of his motion seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). The district court concluded that Lemons failed to demonstrate extraordinary and compelling reasons justifying a sentence reduction. Seeing no abuse of discretion in that determination, we affirm.

I.

In 2009, Lemons pleaded guilty to violating 18 U.S.C. § 922(g)(1), which prohibits an individual previously convicted of a felony offense from possessing a firearm.  The district court in turn sentenced Lemons to 180 months' imprisonment.  That sentence was driven by the Armed Career Criminal Act, or ACCA, which requires the imposition of a mandatory minimum sentence of 180 months if the defendant has "at least three previous convictions for certain 'violent' or drug-related felonies."  *United States v. Stitt*, 139 S. Ct. 399, 404 (2018) (quoting 18 U.S.C § 924(e)(1)).  Prior to his § 922(g)(1) offense, Lemons had amassed three Tennessee convictions for aggravated burglary.  At sentencing, the district court concluded that those offenses qualified as ACCA predicate offenses, thereby triggering a mandatory minimum 15-year sentence under the ACCA.  We affirmed, *United States v. Lemons*, 480 F. App'x 400 (6th Cir. 2012), and later ordered the reinstatement of that sentence after the district court granted Lemons relief under 28 U.S.C. § 2255, *Lemons v. United States*, Nos. 17-5945/5947 (6th Cir. Oct. 25, 2019).

After serving approximately seven years of his sentence, Lemons filed a motion seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i).  He asserted three grounds in support: the risk presented by COVID-19 given his incarceration and his medical conditions, his lengthy sentence, and his progress towards rehabilitation.  The district court denied the motion.  It held that Lemons did not present extraordinary and compelling reasons warranting a sentence reduction, and thus declined to consider whether the factors set forth in 18 U.S.C. § 3553(a) supported a sentence reduction.  This timely appeal followed.

II.

We review the denial of a motion seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) for abuse of discretion.  *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020).  "A district court abuses its discretion when it applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact."  *United States v. Moore*, 582 F.3d 641, 644 (6th Cir. 2009) (quoting *United States v. Pugh*, 405 F.3d 390, 397 (6th Cir. 2005)).

Federal sentencing law authorizes a district court to reduce a defendant's previously imposed sentence if the court finds that (1) "extraordinary and compelling reasons" warrant a reduction, (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) factors, to the extent applicable, support a reduction. *Ruffin*, 978 F.3d at 1003–05 (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). When a defendant (as opposed to the Bureau of Prisons) files a motion seeking a sentence reduction, however, we do not consider the Commission's current policy statement, U.S.S.G. § 1B1.13. *United States v. Sherwood*, 986 F.3d 951, 953 (6th Cir. 2021). As a result, a court must deny a defendant's motion if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction. *Id.* at 954; *United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

In the district court, Lemons presented three grounds to support his argument that "extraordinary and compelling reasons" warrant a sentence reduction: the length of his ACCA mandatory minimum sentence, his efforts at rehabilitation, and his underlying medical conditions coupled with the risk of contracting COVID-19 in prison. On appeal, Lemons argues that the district court erred by considering his grounds for relief in isolation rather than collectively, in other words, as three extraordinary and compelling reasons justifying release rather than a single extraordinary and compelling reason. But Lemons points to no binding legal authority to bolster the point. And much to the contrary, we recently held that the combination of grounds for release, none of which independently supports a sentence reduction, does not collectively "entitle a defendant to a sentence reduction." *United States v. Jarvis*, 999 F.3d 442, 444 (6th Cir. 2021); *see also United States v. Hunter*, 12 F.4th 555, 563 & n.3 (6th Cir. 2021) (declining to determine "how the combination of the factors compounded the reasons for" a sentence reduction when the factors included a non-retroactive change in sentencing law, facts that existed at sentencing, and the defendant's rehabilitation).

With that understanding in mind, we examine whether Lemons's individual arguments amount to "extraordinary and compelling reasons" supporting his request for relief. *Hunter*, 12 F.4th at 563. None is sufficient. Start with the contention that his sentence was "excessive . . . given his unique circumstances and characteristics." Specifically, he maintains that his

ACCA mandatory minimum sentence is, as the district court described it at sentencing, "undu[ly] harsh[]," that his ACCA-qualifying crimes "were over a decade old" at the time he was sentenced, and that he committed the predicate crimes when he was 18 or 19 years old. Here again, Lemons runs into a recently erected precedential roadblock. In *Hunter*, we held that where a defendant seeks a sentence reduction under § 3582(c)(1)(A)(i), "facts that existed when the defendant was sentenced cannot later be construed as 'extraordinary and compelling' justifications for a sentence reduction." *Id.* at 562. Rather, "the facts that existed at sentencing—such as the 'nature and circumstances of the offense,' [and] the defendant's background," may only be considered as part of a district court's § 3553(a) analysis. *Id.* at 569 (quoting § 3553(a)(1)).

Two of the facts Lemons asks us to consider as part of our "extraordinary and compelling" analysis were facts known at sentencing: the time between Lemons's commission of the ACCA-predicate offenses and the § 922(g)(1) offense, and Lemons's age when he committed the ACCA-predicate offenses. Under *Hunter*, neither one can constitute an extraordinary and compelling reason justifying release. *See id.* at 570 (holding that the defendant's age when he committed the underlying crime was not an extraordinary and compelling reason). Relatedly, the district court's observation about Lemons's mandatory minimum sentence was just that—an observation. It is not a "post-sentencing factual development[]," an event that can serve as an extraordinary and compelling reason to reduce a sentence. *Id.* at 569, 571 ("[R]egardless of what the sentencing judge did or did not say at sentencing," "[t]he extraordinary-and-compelling-reasons requirement in § 3582(c)(1)(A) cannot be met based on a mere difference of opinion regarding the significance of the facts that existed at sentencing."). The district court, therefore, did not abuse its discretion in holding that these circumstances failed to warrant a sentence reduction.

Next, consider Lemons's purported rehabilitation. According to Lemons, he has completed more than half of his sentence without any prison disciplinary infractions. And during part of that time, Lemons adds, he had been released from prison (due to an unusual set of jurisprudential developments recounted in the district court's opinion), meaning, in his words, he "successfully complet[ed]" a two-year term of supervised release. To be sure, unlike Lemons's

circumstances and characteristics discussed above, rehabilitation is a "post-sentencing factual development[]." *Id.* at 569, 572.  Nonetheless, "rehabilitation alone does not provide a proper basis for relief." *Ruffin*, 978 F.3d at 1009 (cleaned up).

Nor does Lemons's asserted hypothyroidism coupled with the risk of contracting COVID-19 in prison serve as an adequate basis to reduce his sentence.  From the record, the severity of Lemons's condition and its associated risks are less than clear.  Neither in his motion to the district court nor in his briefs on appeal does Lemons describe what heightened risk he faces from COVID-19 given his hypothyroidism.  The district court noted that hypothyroidism does not appear on the Centers for Disease Control's list of risk factors for COVID-19.  And it added that, "according to the American Thyroid Association '[t]hus far, there is no indication that patients with autoimmune thyroid disease are at greater risk of getting COVID-19 or of being more severely affected should they acquire the COVID-19 infection.'" *United States v. Lemons*, No. 1:08-cr-10102-JDB-1, slip op. at 5–6 (W.D. Tenn. Mar. 24, 2021) (alteration in original) (citation omitted).

We need not debate the medical implications of Lemons's condition.  For even recognizing the purported seriousness of his condition, the fact remains that, as Lemons acknowledges, the COVID-19 vaccine is available to him in prison.  *See COVID-19 Coronavirus*, Federal Bureau of Prisons (last updated Sept. 28, 2021), https://www.bop.gov/coronavirus (listing the number of inmates and staff at each federal prison, including Lemons's facility, who have been fully vaccinated against COVID-19 at that facility).  Indeed, Lemons has received the first dose of the vaccine.  And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced.  *Benefits of Getting a COVID-19 Vaccine*, Centers for Disease Control and Prevention (last updated Aug. 16, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html.

Lemons's access to the COVID-19 vaccine substantially undermines his request for a sentence reduction.  To that end, we agree with the Seventh Circuit that a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an "extraordinary and compelling reason" warranting a sentence

reduction. *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) (Easterbrook, J.). After all, with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated. To be sure, inmates in some respects face social distancing challenges distinct from those of the general public (although perhaps not entirely unlike students in dorm rooms, individuals in medical and assisted care facilities, and even residents of densely occupied apartment complexes). But to the extent prisons do offer some unique challenges, the vaccine now significantly reduces the risks associated with COVID-19. And at this intersection of law and science, we find wisdom in Judge Easterbrook's assessment that "for people living in close quarters, vaccines offer relief far more effective than a judicial order." *Id.*

We likewise acknowledge, as has the Seventh Circuit, that a prisoner who is "unable to receive or benefit from a vaccine" may still be able to show "extraordinary and compelling reasons" warranting a sentence reduction. *Id.*; *see also United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021) (Easterbrook, J.). But if an inmate does not present a compelling reason justifying the failure to be vaccinated despite access to the vaccine, a district court would abuse its discretion by granting a motion seeking a sentence reduction under § 3582(c)(1)(A)(i) on the grounds that COVID-19 constitutes an extraordinary and compelling justification. *See Ugbah*, 4 F.4th at 597; *see also Broadfield*, 5 F.4th at 803 ("[A] prisoner who remains at elevated risk because he has declined to be vaccinated cannot plausibly characterize that risk as an 'extraordinary and compelling' justification for release.").

\* \* \* \* \*

At day's end, none of Lemons's proffered grounds for release constitutes an extraordinary and compelling reason justifying a sentence reduction. Accordingly, we affirm the judgment of the district court. We also grant the government's motion to take judicial notice. *See* Fed. R. Evid. 201; *United States v. Ferguson*, 681 F.3d 826, 834 (6th Cir. 2012).