NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0593n.06

Case No. 21-2894

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| | | **FILED** |
| | | Dec 21, 2021 |
| | | DEBORAH S. HUNT, Clerk |

UNITED STATES OF AMERICA,                        )

    Plaintiff-Appellee,                              )

                                  )     ON APPEAL FROM THE

v.                                               )     UNITED STATES DISTRICT

                                  )     COURT FOR THE EASTERN

SOPHIA EGGLESTON,                                )     DISTRICT OF MICHIGAN

    Defendant-Appellant.                            )

                                  )            O P I N I O N

                                  )

Before: SILER, COLE, and NALBANDIAN, Circuit Judges.

COLE, Circuit Judge. Sophia Eggleston appeals the district court's denial of her motions seeking a sentence modification under 18 U.S.C. § 3582(c) and a reinstatement of her bond. Because the district court did not abuse its discretion in weighing the factors in 18 U.S.C. § 3553(a), we affirm the district court's judgments in full.

I.

Beginning in 2009, Eggleston was a party to a conspiracy responsible for defrauding Medicare out of almost $1.5 million. She was convicted in 2018 of conspiring to receive healthcare kickbacks in violation of 18 U.S.C. § 371 and two counts of receiving kickbacks in violation of 18 U.S.C. § 1320a-7b(b)(1)(A). She was sentenced to 60-months' incarceration for her actions, which we affirmed on appeal. *See United States v. Eggleston*, 823 F. App'x 340, 342 (6th Cir. 2020). Because of the COVID-19 pandemic and Eggleston's preexisting medical ailments, the

district court agreed to extend Eggleston's self-surrender date to September 2021. But after the district court learned that Eggleston had traveled out-of-state on a social visit and engaged in other actions that were inconsistent with the reasons for delaying her sentence, it revoked her bond and remanded her into custody in July 2021.

A week into her confinement, Eggleston moved to modify her sentence under 18 U.S.C. § 3582(c). She also filed an emergency motion asking the district court to reinstate her bond. The government opposed, and the district court denied her motions.

After articulating the standards governing compassionate release requests, the district court stated that COVID-19 no longer posed an "extraordinary and compelling" reason meriting a sentence modification because "the low positive case rates across the vast majority of [Bureau of Prison] facilities and the existence of highly effective and publicly available [] vaccines" diminished the risk to her health. (Op. & Order Denying Def.'s Mot. for Compassionate Release & Restatement of Bond, R. 263, PageID 2816.) Although that alone would have merited denying Eggleston's compassionate release motion, the court proceeded to weigh Section 3353(a)'s factors and determined that those, too, counseled against granting Eggleston's motion. Specifically, the court noted "the severity of [Eggleston's] offense" and her "extensive criminal history" "demonstrated [a] lack of respect for the law," and "the need for both specific and general deterrence" merited denying her request. (*Id.* at PageID 2817.) The court also denied Eggleston's motion to reinstate bond because over two years had passed since her sentencing, and it was "well past time" for her incarceration to begin. (*Id.* at PageID 2819.) Eggleston appealed.

## II.

We review the denial of a motion seeking a sentence modification under 18 U.S.C. § 3582(c) for abuse of discretion. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020).

"A district court abuses its discretion when it applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact." *United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021) (citation omitted).

District courts are empowered to modify a defendant's sentence if the court finds: (1) "extraordinary and compelling reasons" warrant a reduction; (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission"; and (3) Section 3553(a)'s factors support a reduction. *Id.* (citations omitted). When a defendant files a compassionate release motion, however, we need only consider the first and third factors. *Id.*

On appeal, Eggleston argues (1) her medical aliments are "extraordinary and compelling," in and of themselves, regardless of COVID-19; (2) her risk of severe infection if she were to contract COVID-19 is also "extraordinary and compelling"; and (3) the district court erred in weighing Section 3553(a)'s factors. "We have recently cast doubt on a defendant's ability to meet Section 3852's 'extraordinary and compelling reasons' requirement following their inoculation against COVID-19." *United States v. Sweet*, No. 21-1477, 2021 WL 5371402, at *3 (6th Cir. 2021). Accordingly, Eggleston's second argument is foreclosed by controlling precedent. *See, Lemons*, 15 F.4th at 750–51 (holding that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction"); *see also United States v. Traylor*, 16 F.4th 485, 486 (6th Cir. 2021) (finding recent organ transplant and use of immunosuppressive therapy was insufficient to establish "extraordinary and compelling reasons" in light of inmate's vaccination against COVID-19). And though the government contests the severity of Eggleston's medical conditions, we need not resolve this dispute because we conclude the district court did not abuse its discretion when weighing Section 3553(a)'s factors. *See United*

*States v. Hunter*, 12 F.4th 555, 572 (6th Cir. 2021) (resolving compassionate release grant on the absence of "'extraordinary and compelling' reason[s]" alone, without considering whether the court properly weighed Section 3553(a)'s factors).

Section 3553(a) "blankets a vast terrain of sentencing factors[.]" *United States v. Jones*, 980 F.3d 1098, 1114 (6th Cir. 2020). These include the "nature and circumstances" of a defendant's offense, the defendant's "history and characteristics," and the need for the sentence "to reflect the seriousness of the offense" or "provide just punishment." 18 U.S.C. § 3553(a)(1)–(2). Courts also consider what sentence is needed for the public's protection and what will provide "adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(B)–(C). When reviewing a district court's discretionary balancing of Section 3553(a)'s factors, this court "consider[s] the entire record, including the court's balancing of the § 3553(a) factors at the original sentencing." *Ruffin*, 978 F.3d at 1008.

The district court concluded that Section 3553(a)'s factors did not support Eggleston's release, which Eggleston says was substantively unreasonable. Specifically, she claims the district court erred first when it failed to consider her history of compliance with court supervision and her serious medical conditions, and again when it determined a period of confinement was necessary to deter her and others from future criminal conduct.

All told, "[a] claim of substantive unreasonableness is a complaint that the court placed too much weight on some of the § 3553(a) factors and too little on others." *United States v. Trevino*, 7 F.4th 414, 431 (6th Cir. 2021) (internal quotations and citation omitted). And here, Eggleston's complaint is without merit. As we have consistently stressed, the district court is best situated to balance Section 3553(a)'s factors. *United States v. Kincaid*, 802 F. App'x 187, 189 (6th Cir. 2020) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). This is particularly true where, as here, the

same judge is responsible for both sentencing the defendant and ruling on her compassionate release motion because "a district court will *already* have considered and balanced the § 3553(a) factors the first time around at the original sentencing." *United States v. Keefer*, 832 F. App'x 359, 363 (6th Cir. 2020) (citing *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1966–67 (2018)). Despite Eggleston's assertions to the contrary, the district court properly acknowledged her medical conditions, her criminal history, and her previous supervision and ultimately concluded confinement was needed to deter Eggleston and others from engaging in comparable fraudulent schemes in the future.

Eggleston's disagreement with the way the district court balanced the Section 3553(a) factors "is not a sufficient ground for reversal." *United States v. Allen*, 819 F. App'x 418, 419 (6th Cir. 2020) (internal quotations and citations omitted). The district court's order, coupled with "the record as a whole," assures us that the district court "considered the parties' arguments and had a reasoned basis" for its decision. *See Keefer*, 832 F. App'x at 364 (quotation and citation omitted).

### III.

Because the district court did not abuse its discretion in weighing Section 3553(a)'s factors, we affirm the district court's judgments in full.