NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0008n.06

No. 21-5769

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Jan 04, 2022 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| MICHAEL C. FOWLER, | ) | THE WESTERN DISTRICT OF |
| | ) | TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: GIBBONS, ROGERS, and NALBANDIAN, Circuit Judges.

**ROGERS, Circuit Judge.** Michael Fowler appeals the district court's denial of his motion for compassionate release. Fowler asserts that his medical conditions put him at increased risk of contracting severe COVID-19 and thus are an "extraordinary and compelling" justification for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Recent precedent from our circuit, however, forecloses that argument when a prisoner has access to the COVID-19 vaccine. Fowler has access to the vaccine and has received at least one dose, so he cannot demonstrate that his COVID-19 risk is an "extraordinary and compelling" reason that warrants compassionate release.

In March 2019, Fowler was sentenced to 151 months in prison for conspiracy to distribute and conspiracy to possess with the intent to distribute more than 50 grams of actual methamphetamine. Fowler filed a pro se motion for compassionate release in March 2021. The compassionate release statute provides, in relevant part:

> [T]he court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C. § 3582(c)(1)(A)(i).

In support of his motion, Fowler stated that he was 44 years old and overweight, suffered from high blood pressure and kidney problems, and had a previous gunshot wound to his right lung, among other medical issues. Fowler also noted that he demonstrated personal improvement by being drug-free for almost five years, completing several educational and vocational courses, and working in the kitchen of the prison.

The court below denied Fowler's motion in July 2021. The court emphasized that Fowler "was offered and refused the Moderna COVID-19 vaccine," which "seriously undercuts his assertion that any health conditions he may have constitute extraordinary and compelling reasons for early release." Consequently, the court held that Fowler could not demonstrate that there were "extraordinary and compelling reasons" in favor of compassionate release. Due to the dispositive nature of the "extraordinary and compelling" inquiry, the court did not address the remaining requirements for compassionate release. The court also denied Fowler's request for appointed counsel. In this pro se appeal, Fowler argues that notwithstanding the availability of the COVID-19 vaccine, his medical conditions still cause an increased risk of COVID-19 that justifies compassionate release. In his brief on appeal, Fowler stated that he had received one dose of the COVID-19 vaccine and was waiting to receive a second dose. Fowler also reiterated his request for the appointment of counsel.

The district court did not abuse its discretion when it denied Fowler's motion for compassionate release based on Fowler's access to the COVID-19 vaccine. Our recent precedent has rejected Fowler's argument that an elevated risk of COVID-19 can still meet the "extraordinary and compelling" requirement of § 3582(c)(1)(A)(i) despite the widespread availability of the vaccine. *See United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021). In *Lemons*, we recognized that following full vaccination, "both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced." *Id*. at 751; *see also When You've Been Fully Vaccinated*, Centers for Disease Control and Prevention (last updated Oct. 15, 2021), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated.html. We accordingly held that "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *Lemons*, 15 F.4th at 751 (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)); *see also United States v. Sweet*, No. 21-1477, 2021 WL 5371402, at *3 (6th Cir. Nov. 18, 2021). Fowler initially rejected the COVID-19 vaccine but has since received at least one dose, so he cannot demonstrate that his COVID-19 risk is an "extraordinary and compelling" justification for compassionate release.

The current COVID-19 conditions in Fowler's prison provide further support for the conclusion that there are not "extraordinary and compelling reasons" that warrant Fowler's release. *See United States v. Bass*, 17 F.4th 629, 641-42 (6th Cir. 2021) (stating that the court should consider current COVID-19 conditions in the prison). Fowler argues that even with the vaccine, he is more likely to be infected with COVID-19 in prison than if he were released. However, Fowler is incarcerated in Kentucky at Manchester FCI, which currently has zero COVID-19 cases among inmates. *See COVID-19 Cases*, Federal Bureau of Prisons (last updated Dec. 30, 2021),

https://www.bop.gov/coronavirus/. Additionally, over 82 percent of Manchester FCI inmates are fully vaccinated, compared to only 54 percent of the general population of Kentucky. *See id.*; *FCI Manchester*, Federal Bureau of Prisons, https://www.bop.gov/locations/institutions/man/ (last visited Jan. 3, 2022); *How Vaccinations Are Going in Your County and State*, The New York Times (last updated Dec. 30, 2021), https://www.nytimes.com/interactive/2020/us/covid-19-vaccine-doses.html. The relatively low COVID-19 risk in Manchester FCI means that Fowler "largely faces the same risk from COVID-19 as those who are not incarcerated." *See Lemons*, 15 F.4th at 751. While it is true that "inmates in some respects face social distancing challenges distinct from those of the general public," Fowler's access to the vaccine "now significantly reduces the risks associated with COVID-19" even in the prison setting. *See id.*

Fowler's rehabilitation work, while admirable, also does not warrant compassionate release. "Congress has made clear that rehabilitation 'alone' does not provide a proper basis for relief." *United States v. Ruffin*, 978 F.3d 1000, 1009 (6th Cir. 2020) (quoting 28 U.S.C. § 994(t)); *see also United States v. Hunter*, 12 F.4th 555, 572 (6th Cir. 2021). Because Fowler cannot demonstrate "extraordinary and compelling reasons" that justify release, we do not address the other requirements for compassionate release under § 3582(c)(1)(A). *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021); *Ruffin*, 978 F.3d at 1006.

The district court did not err when it denied Fowler's request for appointed counsel, because "there is no constitutional (or statutory) right to appointed counsel in § 3582(c) proceedings." *See United States v. Manso-Zamora*, 991 F.3d 694, 696 (6th Cir. 2021) (per curiam).

We affirm the judgment of the district court.