**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 21-2631

———

UNITED STATES OF AMERICA

v.

RICHARD SCALEA,

Appellant

———

Appeal from the United States District Court
for the District of New Jersey
(Criminal Action No. 3-18-cr-00620-001)
District Judge: Honorable Peter G. Sheridan

———

Submitted Under Third Circuit L.A.R. 34.1(a)
March 2, 2022

Before: MCKEE, AMBRO, and SMITH, Circuit Judges
(Opinion filed: March 15, 2022)

———

**OPINION**[*]

———

AMBRO, Circuit Judge

Richard Scalea, an inmate at Fort Dix Federal Correctional Institution, appeals the

District Court's denial of his compassionate release motion. We affirm the Court's

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

judgment.

Following exchanges with an undercover officer in an incest chatroom, police searched Scalea's apartment and found a large collection of child pornography. Scalea pled guilty to one count of distributing it, 18 U.S.C. § 2252A(a)(2)(A), (b)(1), and was sentenced in February 2019 to 120 months' imprisonment. He moved for early release in May 2021 under the compassionate release statute.

That statute permits a district court to reduce a federal inmate's sentence if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). We review a court's decision on a compassionate release motion for abuse of discretion and will not reverse "unless we are left with 'a definite and firm conviction that [it] committed a clear error of judgment.'" *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021) (alteration in original) (quoting *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020)).[1]

The Court here denied Scalea's motion, concluding that he did not demonstrate extraordinary and compelling reasons for release. Though he premised his motion on COVID-19 concerns, the Court found that Scalea already had the virus and was now fully vaccinated. It acknowledged his preexisting medical conditions (which include asthma, hypertension, and heart problems) but found that these conditions did not place Scalea at greater risk of severe illness should he be reinfected, given the effectiveness of his vaccine at preventing serious COVID-19 complications. Moreover, with few to no positive cases

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

at his detention facility, the Court found Scalea's present risk of reinfection to be minimal. And while it noted Scalea's "long COVID" symptoms (which include ongoing fatigue, bad headaches, and brain fog), the Court reviewed his health records and determined that these symptoms were being adequately treated by medical professionals and thus could not justify compassionate release. We see no abuse of discretion in its judgment.

Scalea does not convince us otherwise. He faults the Court for not spending more time discussing his post-COVID symptoms but does not refute its finding that the prison is managing his medical conditions. He notes (correctly) that vaccination does not rule out reinfection, but this does not diminish that vaccination mitigates the risk of COVID-19 complications and that infections at Fort Dix have decreased. While he details many inadequacies in Fort Dix's response to the pandemic, we cannot say the District Court abused its discretion in holding that Scalea's current circumstances do not justify relief.[2] *See United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) ("[W]ith access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated.").

\*       \*       \*       \*       \*

Our prison system, like so many others, was often ill-equipped to handle COVID-19. But because the District Court did not err in concluding that Scalea failed to show

---

[2] To order compassionate release, a district court must conclude both that there are extraordinary and compelling reasons justifying the inmate's release and that release is appropriate under the 18 U.S.C. § 3553(a) sentencing factors. *Pawlowski*, 967 F.3d at 329–30. The Court here held that even if Scalea met the first prong, the § 3553(a) factors would still weigh against his release. We are satisfied that this conclusion too was a sound exercise of the Court's discretion.

extraordinary and compelling reasons for release, we affirm.