FILED
**United States Court of Appeals**
**Tenth Circuit**

**March 17, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

STEPHEN PLATO McRAE,

    Defendant - Appellant.

No. 21-4092
(D.C. No. 2:16-CR-00566-TS-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.
_____

Defendant-Appellant Stephen McRae, proceeding pro se,[1] appeals the district

court's denial of his motion for compassionate release. *See* 18 U.S.C. § 3582(c)(1)(A).

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially help determine this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because McRae appears pro se, we liberally construe his pleadings but will not act as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009).

## BACKGROUND

In 2019, McRae pleaded guilty to one count of destruction of an energy facility in violation of 18 U.S.C. § 1366(a). The district court sentenced him to 96 months' imprisonment and 36-months' supervised release.

In 2020, McRae moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A), citing increased health risks if he contracted COVID-19. Under that section, a court may reduce a defendant's sentence "after considering the factors set forth in section 3553(a) . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i)–(ii) (emphasis added).

The district court agreed that McRae's health conditions, given the pandemic, constituted extraordinary and compelling reasons for release. But relying on what it considered to be the "applicable" policy statement, U.S.S.G. § 1B1.13,[2] the district court

---

[2] The policy statement provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction; or
>
> (B) The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18

2

found that McRae remained a danger to the public and denied his motion. McRae appealed.

Less than a year after the district court issued its order, we altered the applicable legal landscape. In *United States v. McGee*, 992 F.3d 1035 (10th Cir. 2021), we concluded that § 1B1.13 "is applicable only to motions for sentence reductions filed by the Director of the BOP, and not to motions filed directly by defendants." *Id.* at 1050; *United States v. Maumau*, 993 F.3d 821, 836–37 (10th Cir. 2021) (same).

McRae, rather than the BOP Director, filed his compassionate-release motion. So the district court erred by applying the policy statement. *United States v. McRae*, 845 F. App'x 804, 806 (10th Cir. 2021). Thus, we vacated the district court's order and remanded for proceedings consistent with *McGee*, *Maumau*, and our order. *Id.*

On remand, after recognizing that § 1B1.13 was inapplicable, the district court again denied McRae relief. This time, for two reasons. First, the district court found that McRae hadn't shown, based on COVID-19 concerns alone, an "extraordinary and compelling" reason for release. This was so because between the district court's initial review of McRae's motion and its review on remand, McRae received two doses of the

---

U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

(2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13 (2018).

3

Moderna COVID-19 vaccine.[3] The district court reasoned that McRae's fully vaccinated status, despite the possibility of new variants, reduced his risk of complications.

Second, the district court found that, even if McRae could show an extraordinary and compelling circumstance, it would still deny his motion after considering the § 3553(a) factors.[4] The district court noted that: (1) McRae had expressed a desire to continue targeting producers of fossil fuel, the very activity for which he was convicted; (2) his sentence reflected the seriousness of his conduct; and (3) his sentence was necessary to deter him and others and to protect the public.

**DISCUSSION**

We review a district court's denial of a compassionate release motion for abuse of discretion. *See United States v. Mannie*, 971 F.3d 1145, 1147–48 (10th Cir. 2020). "A district court abuses its discretion when it relies on an incorrect conclusion of law or a clearly erroneous finding of fact." *United States v. Piper*, 839 F.3d 1261, 1265 (10th Cir. 2016) (citation omitted).

---

[3] The government informed the district court of this development through supplemental briefing.

[4] The § 3553(a) factors are: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed to reflect the seriousness of the offense"; (3) "the kinds of sentences available"; (4) "the kinds of sentences available and sentencing range established for" the offense at the time of sentencing; (5) "any pertinent policy statement" in effect at the time of the defendant's sentencing; and (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(1)–(6).

Most of McRae's brief concerns the violence at his prison; BOP's alleged miscalculation of his security level; BOP's refusal to release him on home-confinement; BOP's past management of the pandemic within federal prisons; the length of his sentence; and the district court's alleged bias against him. As best as we can surmise, McRae argues that the district court erred because it failed to acknowledge that his criminal conduct was merely "Civil Disobedience." Opening Br. at 6. And his "Civil Disobedience," in his view, was less harmful than the harm he sought to prevent through his criminal conduct—the burning of coal. *Id.* at 6–7. But none of these arguments were raised before the district court, so they are waived. *See Wilburn v. Mid-South Health Dev., Inc.*, 343 F.3d 1274, 1280 (10th Cir. 2003).

Waiver issues aside, McRae does not address the district court's ruling in a substantive, non-frivolous way. He says that the district court's denial of his motion "was not supported by facts," but provides no further explanation. Opening Br. at 1–2.

In any event, McRae does not dispute the one fact supporting the district court's finding of no extraordinary and compelling circumstances: that McRae received two doses of the Moderna COVID-19 vaccine. Nor does he dispute that COVID-19 vaccines reduce the risks associated with the disease. *See Benefits of Getting a COVID-19 Vaccine*, Centers for Disease Control and Prevention (last updated Feb. 25, 2022), https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html.

Given the effectiveness of COVID-19 vaccines, we agree with the Sixth and Seventh Circuits that "a defendant's incarceration during the COVID-19 pandemic— when the defendant has access to the COVID-19 vaccine—does not present an

'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021)). We also agree "that a prisoner who is 'unable to receive or benefit from a vaccine' may still be able to show 'extraordinary and compelling reasons' warranting a sentence reduction." *Id.* (quoting *Broadfield*, 5 F.4th at 803).

Thus, because McRae received and benefited from a COVID-19 vaccine, the district court did not abuse its discretion in denying McRae's motion.[5]

Nor did the district court abuse its discretion when applying the § 3553(a) factors to deny McRae's motion on alternative grounds. Given how the district court weighed the factors, "we are not left with a definite and firm conviction that the district court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *United States v. Hald*, 8 F.4th 932, 950 (10th Cir. 2021) (cleaned up).

---

[5] McRae argues that his vaccine status is insufficient because he has yet to receive a booster shot. But as the government noted, the issue of the advisability of booster shots was not before the district court. If McRae believes that his risk of complications from COVID-19 has changed, he may raise his concerns in an amended motion or a renewed application for relief. *See McRae*, 845 F. App'x. at 806 n.4.

**CONCLUSION**

For these reasons, we affirm the district court's denial of McRae's motion for compassionate release. We also grant McRae's motion to proceed on appeal in forma pauperis.

Entered for the Court


Gregory A. Phillips
Circuit Judge