NON-PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2432
_____

UNITED STATES OF AMERICA

v.

EPOLITO ESTEVEZ-ULLOA,
a/k/a Polito Esteves, a/k/a Cesar Santiago, a/k/a Victor R. Martinez,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:18-cr-00126-001)
District Judge:  Honorable Paul S. Diamond
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 5, 2022
_____

Before:  CHAGARES, *Chief Judge*, SHWARTZ, *Circuit Judge*,
and PRATTER, *District Judge**

(Opinion filed: April 20, 2022)

---

* Honorable Gene E.K. Pratter, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

———————

OPINION[**]

———————

PRATTER, *District Judge*.

Prisoner Epolito Estevez-Ulloa moved for compassionate release, claiming that he should be released from prison early because otherwise he might catch COVID-19 and become seriously ill. Yet Mr. Estevez-Ulloa had refused the COVID-19 vaccine. Finding that Mr. Estevez-Ulloa failed to take available steps to protect himself from COVID-19, the District Court denied his motion for compassionate release. We will affirm that denial.

## I. BACKGROUND

Mr. Estevez-Ulloa was convicted of illegal reentry to the United States and sentenced to six-years' imprisonment. 18 U.S.C. § 1326(a), (b)(2). Having served just over half his imposed sentence, Mr. Estevez-Ulloa filed a *pro se* motion for compassionate release. Mr. Estevez-Ulloa suffers from hypertension, in-remission hepatitis C, poor circulation, obesity, prediabetes, an enlarged prostate, varicose veins, and a Vitamin D deficiency. He receives medication, and his conditions are all under control. Given his health and current prison conditions, Mr. Estevez-Ulloa asserted that he was at a high risk of catching COVID-19 and becoming seriously ill. Despite his concerns, Mr. Estevez-Ulloa had turned down the Pfizer vaccine several months prior. Based on Mr. Estevez-

[**]    This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Ulloa's refusal to be vaccinated, the District Court denied his motion for compassionate release. Mr. Estevez-Ulloa now appeals.

## II. ANALYSIS

We have jurisdiction to review the District Court's decision to deny compassionate relief. 28 U.S.C. § 1291. We review for abuse of discretion, meaning that we will not overturn the decision absent "a definite and firm conviction that [the District Court] committed a clear error of judgment." *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020) (internal quotation marks omitted).

Though a sentence typically may not be modified once imposed, a court may reduce a federal inmate's term of imprisonment for "extraordinary and compelling reasons," including the prisoner's health. 18 U.S.C. § 3582(c)(1)(A)(i). For the prisoner's health to count as an extraordinary and compelling reason, his health must be so "[b]eyond what is usual, customary, regular, or common" that the court is "oblige[d]" or "force[d]" to reduce the sentence. *Extraordinary* (def. 1), *Black's Law Dictionary* (11th ed. 2019); *Compel* (def. 1), in *Oxford English Dictionary* (2d ed. 1989). As the Sentencing Commission has explained, this is a high bar: the prisoner must have "a serious physical or medical condition … from which he … is not expected to recover" "that substantially diminishes [his] ability" to care for himself in prison. U.S.S.G. § 1B1.13 cmt. n.1(A)(ii).[1] The prisoner bears the burden of proving that the risk to his health constitutes an extraordinary and compelling

---

[1]    Though the Sentencing Commission's interpretation is "not binding on prisoner-initiated motions" for compassionate release, it is a highly persuasive reading that "sheds light on the meaning of extraordinary and compelling reasons." *United States v. Andrews*, 12 F.4th 255, 260 (3d Cir. 2021).

circumstance. *United States v. Barbee*, 25 F.4th 531, 532 (7th Cir. 2022). "The mere existence of [a disease like] COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify release." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

In considering Mr. Estevez-Ulloa's motion for compassionate release, the District Court noted his health conditions and found that two of those conditions—obesity and hypertension—put him at increased risk for severe illness from COVID-19. But, the District Court explained, Mr. Estevez-Ulloa had refused the vaccine, which "belie[d] his purported health concerns." App. 3. Based on that refusal, the District Court found that Mr. Estevez-Ulloa's health did not count as extraordinary and compelling and so denied his motion for compassionate release.

This finding was not an abuse of discretion. Mr. Estevez-Ulloa faults the District Court for considering his refusal of the vaccine, asserting that his vaccination status "has no bearing" on whether he is "uniquely susceptible" to severe illness from COVID-19. Appellant's Br. 5–6.[2] To the contrary, vaccination status is *directly relevant* to an inmate's health risk. The COVID-19 vaccines, including the Pfizer vaccine offered to Mr. Estevez-

---

[2] Shortly after filing his appeal but before submitting his brief, Mr. Estevez-Ulloa received two doses of the Pfizer vaccine. He did not mention his new vaccination status in his brief, nor does he argue that his now being vaccinated warrants a remand for the District Court to reconsider its ruling in light of his changed circumstances. Instead, he asserts that the District Court should not have considered his vaccination status at all in ruling on his motion for compassionate release.

Ulloa, are extremely effective at preventing both infection and serious illness.[3] Indeed, "with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). Given vaccine availability, a prisoner likely will not be able to prove that his personal risk of serious illness from COVID-19 is an extraordinary and compelling reason for release unless he can convincingly show that he is "unable to receive or benefit from a vaccine" or that he "remain[s] vulnerable to severe infection, notwithstanding the vaccine." *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022); *accord Lemons*, 15 F.4th at 751.

Mr. Estevez-Ulloa says that the District Court did not give him a chance to explain why he had not yet been vaccinated. But Mr. Estevez-Ulloa could have included an explanation in his initial motion for compassionate release, or as a reply to the Government's response to his motion. He did not. Absent such an explanation, we conclude that the District Court did not abuse its discretion in denying the motion for compassionate release. Inmates who refuse the vaccine without just cause forgo a powerful protection against illness; they cannot claim that they are at serious risk while declining a potent tool to reduce that very risk. For these reasons, we will affirm the District Court's order.

---

[3] *See, e.g.*, Jill M. Ferdinands *et al.*, *Waning 2-Dose and 3-Dose Effectiveness of mRNA Vaccines Against COVID-19–Associated Emergency Department and Urgent Care Encounters and Hospitalizations Among Adults During Periods of Delta and Omicron Variant Predominance — VISION Network, 10 States, August 2021–January 2022*, 71 Morbidity & Mortality Weekly Report 255, 255 (2022).