FILED
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**September 23, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

CANDELARIO MARTINEZ DURAN,

    Defendant - Appellant.

No. 21-4104
(D.C. No. 1:15-CR-00027-TS-2)
(D. Utah)

_____

## ORDER AND JUDGMENT[*]
_____

Before **PHILLIPS**, **McHUGH**, and **ROSSMAN**, Circuit Judges.
_____

Candelario Martinez Duran appeals the district court's denial of his motion for

compassionate release.  *See* 18 U.S.C. § 3582(c)(1)(A)(i).  We affirm.

## *Background*

Mr. Duran pleaded guilty to possessing methamphetamine with the intent to

distribute it.  He received a sentence of 120 months' imprisonment.  After serving

more than six years of his sentence, he moved for compassionate release.  He argued

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

that his age (at the time, 61) and several medical problems (hypertension, asthma, sleep apnea, prediabetes, and obesity) put him "at risk for subsequent COVID-19 exposure," even though he had already contracted the virus and received a vaccine against it. R. vol. 1 at 30 (boldface omitted). He also said that he had been rehabilitated, having "gained perspective into his thinking errors and behavior." *Id.* at 24.

A court may reduce a sentence under the relevant compassionate-release provision if "extraordinary and compelling reasons" warrant the reduction; the "reduction is consistent with applicable policy statements" from the Sentencing Commission; and after considering any applicable factors in 18 U.S.C. § 3553(a), the court determines that the particular circumstances of the case warrant a reduction.[1] § 3582(c)(1)(A)(i); *see also United States v. Hald*, 8 F.4th 932, 937–38 (10th Cir. 2021), *cert. denied*, 142 S. Ct. 2742 (2022).

The district court denied Mr. Duran's motion for two alternative reasons. First, the court concluded that Mr. Duran did not show an extraordinary and compelling reason for a sentence reduction because he had been vaccinated against COVID-19. Second, the court concluded that the relevant § 3553(a) factors showed

---

[1] A district court has discretion to determine for itself whether extraordinary and compelling reasons exist. *See United States v. Maumau*, 993 F.3d 821, 832 (10th Cir. 2021). When ruling on a compassionate-release motion filed by a defendant, such as Mr. Duran's motion, a district court's discretion is not currently limited by any Sentencing Commission policy statement. *See United States v. Hald*, 8 F.4th 932, 938 n.4 (10th Cir. 2021), *cert. denied*, 142 S. Ct. 2742 (2022).

that Mr. Duran's release would be inappropriate.  Mr. Duran now argues that the district court erred in reaching both conclusions.

### *Discussion*

We review the denial of a compassionate-release motion for an abuse of discretion.  *See United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021). A district court abuses its discretion if it relies on an incorrect legal conclusion or a clearly erroneous factual finding.  *Id.*

### 1.  Extraordinary and compelling reasons for a reduced sentence.

We start with Mr. Duran's challenge to the district court's conclusion that he did not show an extraordinary and compelling reason for a reduced sentence.[2]  The court acknowledged Mr. Duran's argument that his age and medical conditions increased his risk of severe complications or death from COVID-19.  It then recognized, however, that several courts have decided that a vaccinated defendant could not show an extraordinary and compelling reason for early release "based on COVID-19 concerns."  R. vol. 1 at 103 (internal quotation marks omitted).  The district court agreed with those decisions, and it therefore concluded that Mr. Duran did not show an extraordinary and compelling reason for a shorter sentence.

Mr. Duran argues that the court abused its discretion by failing to consider his personal risks and instead applying a categorical rule:  that vaccination precludes the

---

[2] The parties dispute whether Mr. Duran preserved this challenge in the district court.  Resolving this dispute would not affect the outcome of this appeal, so we will assume the argument is preserved.

showing of an extraordinary and compelling reason for a reduced sentence related to COVID-19. Moreover, Mr. Duran says, the authority the court cited for this categorical rule is outdated because it did not account for the appearance of new virus variants and the reduced efficacy of vaccines over time.

We see no abuse of discretion. The court expressly considered Mr. Duran's personal risks. One significant factor affecting his risk of harm from COVID-19, however, is his having received a vaccine against it. And although Mr. Duran faults the district court for relying on decisions from an earlier stage of the pandemic, decisions issued after the district court's ruling continue to hold that vaccination will generally prevent a showing of an extraordinary and compelling reason for release related to the pandemic. *See, e.g.*, *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) (agreeing "that a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction").

To be sure, courts have recognized that a defendant "who can show that he is unable to receive or benefit from a vaccine still may" qualify for compassionate release. *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Mr. Duran, though, did not show that his personal circumstances prevented him from benefiting from the vaccine he received. True, he claimed that his vaccination did not eliminate all risk from COVID-19, saying, for example, that he "can continue to face threats from COVID-19 despite already contracting it and [having] been given a vaccine. Many variants are making their way throughout the country." R. vol. 1 at 30;

4

*see also id.* at 23–24 (asserting that "given the variant strains, and despite vaccination, his compromised health could still put him at risk"); *id.* at 25 (asserting that "the threat of variants and subsequent exposure still exist, given the conditions in prison" and that "[e]ven with vaccination, risks of infection still remain"). But his general, conclusory references to risks presented by virus variants do not amount to a plausible claim that he did not benefit from his vaccine. And so the district court did not abuse its discretion when it concluded that he failed to show an extraordinary or compelling circumstance for a reduced sentence.

**2. The district court's consideration of the § 3553(a) factors.**

Even if Mr. Duran could show an extraordinary and compelling reason for a reduced sentence, the district court concluded, the relevant § 3553(a) factors showed that a reduction was not appropriate. The court specifically cited the seriousness of Mr. Duran's offense, his criminal history, the need to deter Mr. Duran and others, and the need to protect the public. The court also commended Mr. Duran's rehabilitation efforts. Mr. Duran contends that the court abused its discretion by "considering the § 3553(a) factors only as they related to [his] original sentencing." Aplt. Opening Br. at 22 (underline omitted).

Again we see no abuse of discretion. For starters, we note that the record refutes the premise that the court considered the § 3553(a) factors "only as they related to Mr. Duran's original sentencing," *id.* (underline omitted), for the court expressly cited Mr. Duran's rehabilitation efforts. Mr. Duran is correct, however, when he says that the court did not mention in its § 3553(a) discussion the facts

5

offered to show an extraordinary and compelling reason for a shorter sentence—Mr. Duran's age and medical problems against the backdrop of the pandemic. And as he says, "those facts are relevant to the § 3553(a) analysis." *Hald*, 8 F.4th at 947. But when we read the court's order in the context of the record and the parties' arguments, we have no reason to think it ignored those facts when it considered the relevant § 3553(a) factors. After all, the court expressly referenced those facts at least twice in its order. Besides, our cases do not require a court to mention every fact or argument bearing on its assessment of the § 3553(a) factors before denying compassionate release. *See Hald*, 8 F.4th at 948. The "judge need only set forth enough to satisfy the appellate court that she has considered the parties' arguments and has a reasoned basis for exercising her own legal decisionmaking authority." *Id.* (brackets and internal quotation marks omitted); *see also Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018) ("In some cases, it may be sufficient for purposes of appellate review that the judge simply relied upon the record, while making clear that he or she has considered the parties' arguments and taken account of the § 3553(a) factors, among others."). The district court did that here.

### Conclusion

The district court's order is affirmed.

Entered for the Court

Gregory A. Phillips
Circuit Judge

6

*United States v. Duran*, No. 21-4104

**ROSSMAN**, J., concurring.

I respectfully concur in the judgment but would affirm only because, under the standards governing our review, the district court did not abuse its discretion under 18 U.S.C. § 3553(a).

I write separately to emphasize that resolving a motion under 18 U.S.C. § 3582(c)—and particularly the inquiry into whether extraordinary and compelling reasons exist—requires district courts to undertake "an individualized, case-by-case" assessment. *United States v. McGee*, 992 F.3d 1035, 1047 (10th Cir. 2021). In my view, a district court does not satisfy its obligations under § 3582(c) by relying exclusively on a defendant's vaccination status, or access to a vaccine, to determine what risks a defendant faces because of their pre-existing health conditions, and to decide whether those risks constitute extraordinary and compelling reasons warranting compassionate release. A categorical legal rule of this nature, adopted by some courts but not ours, may be what the district court invoked here. *See United States v. Hald*, 8 F.4th 932, 936 n.2 (10th Cir. 2021) ("As of oral argument in May 2021, all three men had either been vaccinated or been offered the opportunity to be vaccinated against COVID-19. Although we do not consider this development in resolving their appeals, there is certainly room for doubt that Defendants' present circumstances would support a finding of 'extraordinary and compelling reasons.'").

To be sure, whether a defendant has been vaccinated (and specifically against which variant) could inform the compassionate release calculus in the appropriate

case. But a blanket approach is at odds with the principles of individualized

sentencing and is particularly ill-suited to the ever-changing factual circumstances

presented by the COVID-19 pandemic.