NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0586n.06

Case No. 25-3240

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

<table>
<tr><td>UNITED STATES OF AMERICA,</td><td>)</td><td rowspan="2"></td></tr>
<tr><td></td><td>)</td></tr>
<tr><td style="padding-left:3em">Plaintiff-Appellee,</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td>ON APPEAL FROM THE UNITED</td></tr>
<tr><td>v.</td><td>)</td><td>STATES DISTRICT COURT FOR</td></tr>
<tr><td></td><td>)</td><td>THE NORTHERN DISTRICT OF</td></tr>
<tr><td>MOISES PEREZ,</td><td>)</td><td>OHIO</td></tr>
<tr><td style="padding-left:3em">Defendant-Appellant.</td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td style="text-align:right">OPINION</td></tr>
</table>

**FILED**
Dec 18, 2025
KELLY L. STEPHENS, Clerk

Before: SUTTON, Chief Judge; BOGGS and BLOOMEKATZ, Circuit Judges.

SUTTON, Chief Judge. Moises Perez claims that the Bureau of Prisons has failed to manage his medical conditions and that we should reduce his sentence as a result. The district court concluded that the Bureau continues to provide Perez with adequate medical care. It thus reasoned that Perez's health does not constitute an extraordinary and compelling reason for granting him early release. We agree and affirm.

Between 1995 and 2011, Ohio and New York separately convicted and imprisoned Perez for several violent felonies, including assault, robbery, and burglary. In August 2014, after his release from prison, he sold a pair of pistols to an undercover law enforcement officer for $340. *See* 18 U.S.C. §§ 922(g)(1), 924(e). A federal grand jury indicted Perez for possessing firearms and ammunition as a felon. *See* 18 U.S.C. §§ 922(g)(1), 924(e). He pleaded guilty, and the district court sentenced him to 210 months.

Inside prison, Perez sought and received medical assistance for a variety of health problems, including diabetes, high blood pressure, abdominal pain, and kidney disease. In March of 2023, he reported a new ailment: chest pain. Medical staff ordered a stress test. The test indicated that Perez likely had blockages in the arteries surrounding his heart. Frustrated with the pace of treatment, Perez moved for "compassionate release," a judicial shorthand for a reduction in his sentence based on "extraordinary and compelling reasons." R.79 at 1; 18 U.S.C. § 3582(c)(1)(A); *see Concepcion v. United States*, 597 U.S. 481, 495 (2022).

In December 2024, with his motion for compassionate release pending in the district court, the Bureau arranged for Perez to consult with a cardiologist. The doctor ordered a surgical procedure known as "cardiac catheterization." R.88 at 2. The Bureau of Prisons scheduled the procedure for the following month but, on the day of the surgery, Perez declined to undertake it. That choice was not out of character. Perez had refused to take two medications that the Bureau of Prisons prescribed for his diabetes and blood pressure. When Perez rejected the surgery, the Bureau prescribed a different drug to ease pressure on his heart. Perez did not take that one either.

After ordering supplemental briefing on the medical care that the Bureau of Prisons provided Perez, the district court denied the motion for compassionate release. It held that Perez's medical circumstances were not "extraordinary and compelling reasons" warranting early release. R.91 at 3, 7. This appeal followed.

District courts ordinarily "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Pepper v. United States*, 562 U.S. 476, 501 n.14 (2011). A few exceptions exist. One permits district courts to modify sentences if (1) "extraordinary and compelling reasons warrant such a reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the relevant § 3553(a)

2

sentencing factors support relief. 18 U.S.C. § 3582(c)(1)(A). In the absence of any one of these requirements, a district court must deny the motion. *See United States v. Navarro*, 986 F.3d 668, 670 (6th Cir. 2021). We review a district court's decision for abuse of discretion. *United States v. Wright*, 991 F.3d 717, 718 (6th Cir. 2021).

The Sentencing Commission offers guidance about the kinds of medical circumstances that rise to the level of extraordinary and compelling explanations for a reduction. U.S.S.G. § 1B1.13(b)(1)–(6) (2023). It provides that an extraordinary and compelling reason exists if a "defendant suffer[s] from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C).

Measured by these considerations, Perez's medical conditions and treatment do not constitute the kind of "extraordinary and compelling reasons" that warrant early release. 18 U.S.C. § 3582(c)(1)(A)(i). After Perez complained of heart issues, the Bureau provided him with medical consultations, access to cardiac catheterization, and blood-thinning medication. After Perez complained of abdominal issues, the Bureau monitored his condition and prescribed medication. It responded to his kidney discomfort and diabetes with similar approaches. The record, in short, belies the claim that necessary "medical care . . . is not being provided." U.S.S.G. § 1B1.13(b)(1)(C).

Perez's repeated failure to accept treatment further undermines his claim. When an inmate inexplicably refuses medical care for a health condition, there is nothing uncompassionate about denying a request for early release based on the prison's medical care. *See United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021); *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). In this instance, Perez stood in the way of his own treatment. When the Bureau prescribed

3

Perez lisinopril for his blood pressure and metformin for his blood sugar, he took neither. When the Bureau prescribed Perez metoprolol for his heart, he did not take that either. And when it scheduled cardiac catheterization, he refused to consent to the procedure. Perez walked away from his own treatment, and that renders his medical concerns a far less "compelling" basis for limiting his sentence. 18 U.S.C. § 3582(c)(1)(A)(i). Any peril to his health on this record is "self-incurred." *Broadfield*, 5 F.4th at 803.

Perez's counterarguments do not obtain traction. He points to an incident in the past—the twenty-two months that elapsed between his initial report of chest pain and his cardiac-catheterization appointment. But an inmate's past health circumstances do not independently constitute an extraordinary and compelling reason warranting a sentencing reduction. They hold relevance only to the extent that they cast light on whether the inmate is receiving adequate care now and will continue to receive it in the future. *See* U.S.S.G. § 1B1.13(b)(1)(C) (referring to "medical care that is not being provided"). The inquiry is forward-looking, not backward-looking. The Bureau of Prisons, at all events, provided access to the procedure. And it continues to do so. Far from repeated delays, Perez's cardiac catheterization was scheduled for just one month after it was recommended. Yet Perez continues to refuse to undertake a cardiac catheterization. That is not evidence of the kind of aloof prison healthcare that warrants a sentencing reduction.

The same problems echo throughout Perez's other complaint about the operation. Perez insists that he only rejected the procedure because the Bureau waited until the eleventh hour to inform him that the catheterization could cause his death. If Perez learned of the procedure's risks only moments before the operation, we can understand why he had cold feet—then. But that offers no explanation for his continued refusal to undertake the procedure and for his continued claim that the absence of the procedure shows unacceptable medical care. Because the surgery would

4

treat his heart condition, the district court correctly concluded that Perez's medical circumstances are not an extraordinary factor justifying compassionate release.

Perez offers one more variation on this theme. He argues that the Bureau has failed to manage a bacterial infection in his stomach and suggests that it should have ordered a scope to check for ulcers. But the record reveals that the Bureau has treated the infection with a proton-pump inhibitor, consulted a doctor, and offered additional clinical visits. It also instructed Perez to return for further treatment if his condition does not improve. Nothing about that history of treatment suggests the Bureau has failed or will fail to manage Perez's abdominal issues. The district court thus did not abuse its discretion in concluding that these medical issues, like the other ones, do not constitute "extraordinary and compelling reasons warrant[ing]" a reduced sentence. 18 U.S.C. § 3582(c)(1)(A).

We affirm.